## Smith *vs* Berry.

### Appeal from the Harrison Circuit.

#### *Usury.*

Chief Justice Ewing delivered the opinion of the Court.

On the 11th of April, 1837, Smith sold and conveyed to Berry a tract of land for $4,380, $1,000 of which was paid in hand, and two notes executed for the residue, payable in instalments. Forbearance was given on these

*[margin notes:]*

Smith
*vs*
Berry.

Chancery.

*Case* 76.

*April* 19.
Case stated.

SMITH
*vs*
BERRY.

notes, after they fell due, at different times, upon the terms of an agreement to pay ten and twelve per cent. interest, and other payments made, until, on the 12th day of April, 1841, the whole balance due, including usury, amounted to $3,119 86 cents. On that day, the land having fallen in value nearly one half, and money scarce, an arrangement was made between the parties, by which Berry agreed to convey the land back to Smith, and release him from all claim for usury in discharge of the whole balance due. Smith apprehending difficulty in making the money due him, and aware of his inability to coerce the usury, agreed to the proposed terms. A conveyance and release was accordingly executed, and the notes surrendered. Berry afterwards filed a bill to recover from Smith the usury embraced in the notes surrendered. Smith answered, admitting usury to the amount of $238 86 cents, but alledging that he had taken back the land upon the terms agreed on, for the accommodation of Berry; that it was not then worth the amount due, exclusive of usury, by several hundred dollars, and offering to re-convey the land, upon the payment, by the complainant, of the amount surrendered, exclusive of usury, he accounting for rents upon equitable terms, as the Chancellor might direct.

S. sold to B. a tract of land, received part and took B's notes for the remainder of the price at 10 per cent. interest, the land fell in value, B. agreed to, and gave up the land to S. for the balance of the unpaid price, it exceeding the full value of the land at that time, held that the transaction was not usurious.

It is clearly proven, that the land at the time of the re-conveyance to Smith, was worth near seven hundred dollars less than the principal and legal interest due, and upwards of $900 less than the amount due, including the usury. Upon the hearing, the Circuit Court decreed against Smith the amount of usury, interest and costs, and he has appealed to this Court.

Usury is allowed to be recovered back upon the principal that it

The principle on which a borrower is allowed to recover back money paid as usury, and to escape from a release of his right to have restitution of the same, is that he is constrained to the payment and release, without legal consideration, by the pressure of his condition. That in the payment or release, he does not act willingly, but is coerced to the act by the unconscientious extortion of his creditor, whose demand, from his necessitous condition, he is affraid to resist, and therefore yields to the payment

and release, without other consideration than the usurious and illegal exaction.

But in the case presented, there was abundant inducement and consideration for the release, and if either acted under constraint, judging from the whole arragement, it was the creditor rather than the debtor. The former

is paid without legal considea- tion, and is ex- torted from the debtor laboring under necessity.

was constrained to take property in discharge of a money demand, which was of less value, by near seven hundred dollars, than the amount of his legal demand, exclusive of usury. He not only in effect surrendered to the debtor the usury, but near seven hundred dollars more, and received property instead of money. To allow the complainant, under the circumstances of this case, to annul his release, and to recover back the usury, nominally embraced in the specification of the consideration in the deed, would be to allow him not only to set up and assert a most unconscientious demand, but under the forms of law to practise the grossest imposition upon the creditor, in disregard of his own voluntary, advantageous and unconstrained contract; and the more especially, as the creditor proposes to disannul the whole contract, surrender back the land and receive the money which was justly due him, exclusive of usury, with a reasonable allowance for rents. He who seeks equity must do equity, and will not be allowed as complainant in a Court of Equity to practice iniquity.

The decree of the Circuit Court is reversed, and cause remanded, that a decree may be rendered, dismissing the complainant's bill, with costs.

*Smiths and Curry* for appellant: *Trimble* for appellee.