DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

# STATE OF NEW JERSEY,

NOVEMBER TERM, 1889.

---

NATIONAL BANK OF RAHWAY, PLAINTIFF IN ERROR, v. DAVID P. CARPENTER, DEFENDANT IN ERROR.

1. The limitation of two years within which suit may be brought against a national bank, under section 5198 of the United States Revised Statutes, for taking usurious interest, begins to run from the time when such interest is paid.
2. Where commercial paper is transferred to and discounted by a bank at a greater rate of interest than six per cent., and the net proceeds, after deducting the interest charged, are credited to the transferrer, this is a payment of the interest within the meaning of the statute.

---

On error to the Supreme Court. For opinion of Supreme Court, see 21 *Vroom* 6.

For the plaintiff in error, *Gilbert Collins.*

For the defendant in error, *Ephraim Cutter.*

165

The opinion of the court was delivered by

THE CHANCELLOR.   This action was brought by David P. Carpenter against the National Bank of Rahway in virtue of the provisions of section 5198 of the Revised Statutes of the United States, for the purpose of recovering double the amount of certain usurious interest paid by him to the bank.

There were three transactions.

*First.* One Hancock made his note, dated May 21st, 1882, for $4,590.75, payable in six months, to the order of Carpenter.   Carpenter endorsed it and, upon May 29th, 1882, the bank discounted it, reserving $164.64 and passing $4,426.11 to Carpenter's credit in his account with it.

Subsequently, on December 4th, 1882, Carpenter's account in the bank was charged with the note, and thereby the note was paid.

*Second.* Carpenter made his own note for $498.02, dated July 10th, 1882, payable six months after date, and had it discounted by the bank on July 25th, 1882.   The discount reserved was $17.83.   The balance was placed to Carpenter's credit in his account with the bank.

*Third.* On April 2d, 1883, Carpenter paid the last mentioned note, together with $6.79 additional interest, for the time that the note had remained overdue and unpaid.

The discount reserved or interest charged, in each case, was in excess of the rate allowed by law, and was therefore admitted to be usurious.

This suit was commenced on the 4th of December, 1884— that is, more than two years after the discounting of both notes, within two years from the payment of the second note, and, upon the assumption that the day of the transaction is not to be computed as part of the two years (*McCulloch* v. *Hopper,* 18 *Vroom* 189), barely within two years from the payment of the first note.

Section 5197 of the United States Revised Statutes forbids a national bank taking, receiving, reserving or charging interest upon a loan or discount at a greater rate than is allowed by the laws of the state in which the bank is located.   This

section is followed by the section upon which this suit is founded, which is in the following language:

" The taking, receiving, reserving or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same, *provided such action is commenced within two years from the time the usurious transaction occurred.*"

The questions presented by the arguments at the hearing of this case were, Whether the event to which the words " usurious transaction," as used in the proviso of this statute, refer, is the time when the interest is agreed upon and reserved or charged, or the time when it is paid, and, if the latter, whether the transfer to the bank of commercial paper of a third person at the time of its discount is payment of the interest which was reserved when the discount was made.

Upon the first of these questions we have no difficulty in agreeing with the conclusion reached in the Supreme Court, that the words refer to the time when the interest is paid. This statute, and kindred statutes, couched in similar terms, have received a like construction in other states. *Brown* v. *Second National Bank of Erie,* 72 *Penna. St.* 209; *Hunter-mister* v. *First National Bank,* 64 *N. Y.* 212; *Lynch* v. *National Bank of West Virginia,* 22 *W. Va.* 554; *Pritchard* v. *Meekins,* 98 *N. C.* 244; *First National Bank of Peters-borough* v. *Childs,* 130 *Mass.* 519; *S. C.,* 133 *Id.* 248.

The second question presented does not appear to have been considered by the Supreme Court.

It appears that Carpenter endorsed the Hancock note and transferred it to the bank, and that the bank at the same time credited his account with the amount of the note, less the

unlawful discount. Carpenter thus parted with his whole title to the paper and his right to enforce it against Hancock, and the bank acquired that title and right. By the transfer, Carpenter paid the amount charged for discount, not in money, but in the negotiable obligation of another. This is the reasoning of the Court of Appeals of New York, in *Nash* v. *White's Bank of Buffalo*, 68 *N. Y.* 396, where a question like this was raised under a statute of New York similar in its provisions to the statute before us.

It meets with our entire approval. The endorsement of Hancock's note and its subsequent payment by Carpenter, was in pursuance of his guarantee of the value of that which he had given in payment of the interest. It was not an agreement to pay the interest, but an agreement to ensure the payment of that which had had its inception and was then property, which he transferred as payment of the interest.

And here lies the distinction between the discount of the paper of a third person and the discount of the paper of the borrower. The borrower's paper has not had its inception, and hence is a mere promise to pay the illegal interest, made at the time that that interest is taken. The second transaction of Carpenter is of this latter character. Our conclusion is, that the illegal interest had upon the discount of the first note was paid at the time of the discount of that note, and that the illegal interest reserved upon the discount of the second note was paid when that note was paid.

This conclusion leads to the reversal of the judgment below.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, GARRISON, MAGIE, BROWN, CLEMENT, COLE, McGREGOR, SMITH, WHITAKER. 9.