### FIRST NATIONAL BANK OF BLAKELY *v.* DAVIS.

1. The 30th section of the national banking act (Revised Statutes, § 5198), which gives a remedy to a debtor of a national bank, who has paid to the bank a greater rate of interest than that allowed by law, to recover back twice the amount of the interest paid, comprehends payment of the usurious interest by transfer of property as well as payment in money.

2. In order to constitute a payment within the purview of the statute, by transfer of property, the parties must intend that the property be accepted as a payment.

3. The statute contemplates an actual payment of the usury; and where property is accepted as payment, its market value at the time must

exceed the principal and lawful interest, before it can be said that any illegal interest has been paid and received.

4. The statute subjects the bank to the forfeiture only when the bank knowingly receives the excessive interest. Where property is accepted in payment of a debt infected with usury, it must appear, not only that the market value of the property was in excess of the principal debt and legal interest, but that the transfer and delivery of the property was intended by the debtor and accepted by the bank as payment not only of the lawful interest but also of the illegal interest.

5. The statute is not applicable to voluntary payments of debts of third persons to the bank which may be infected with usury.

FEBRUARY 16, 1911.

Action for penalty. Before Judge Worrill. Early superior court. October 7, 1909.

*Cobb & Erwin* and *Pottle & Glessner,* for plaintiff in error.

*Pope & Bennet,* contra.

EVANS, P. J. This action was brought by Mollie C. Davis against the First National Bank of Blakely, Georgia, under the provisions of § 5198 of the Revised Statutes of the United States, to recover double the amount of certain usurious interest alleged to have been paid by her to the bank. The petition sets out in detail many transactions had with the bank by herself and husband, which may be stated in substance as follows: Her husband owed the bank a certain amount, and she also was indebted to the bank on certain notes. On November 1st, 1905, she gave to the bank in settlement of this indebtedness, and the usury exacted by the bank, her three notes, aggregating $16,733, and due November 1st, 1906. On the maturity of these notes she renewed her indebtedness to the bank by executing to it two notes, one for $10,000, due November 10th, 1906, and the other for $8,740, due November 1st, 1907, which amounts included interest on the apparent indebtedness at 12 per cent. On January 23, 1908, she conveyed certain described land to the bank in payment of the last-mentioned notes. The deed recited that the consideration thereof was "the sum of my indebtedness to the First National Bank of Blakely," but it was alleged that the real consideration was that the conveyance of the land was agreed to be accepted and was accepted by the bank in payment and settlement of the notes containing usurious interest, and that the land conveyed was accepted at the agreed value represented by the notes. It was also alleged that the defendant knowingly received and collected the usurious

interest embraced in the notes at the time of taking the conveyance, and has knowingly retained the same. The amount of usury which it was alleged the bank had received was set out specifically and in detail. The petition contains two counts; the allegations of the second being the same as the first, except that it was alleged that the apparent indebtedness represented by the notes was the market value of the land. The suit was instituted in 1908. The case comes to us on exceptions to the overruling of the defendant's demurrer.

Perhaps the ground of demurrer most earnestly pressed on the argument was that which raised the point that the statute only gives to the debtor a right of action to recover twice the amount of interest paid, on account of the usury exacted by the bank, where the usurious interest was paid in *money*. Revised Statute, § 5198, is a part of the national banking act, and is as follows: "The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same; provided such action is commenced within two years from the time the usurious transaction occurred. That suits, actions, and proceedings against any association under this title may be had in any circuit, district, or territorial court of the United States, held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located, having jurisdiction in similar cases."

At common law, if a borrower paid the amount of the usurious debt to the lender, he could recover from the lender the usury in excess of the debt and legal interest. *Zeigler* v. *Scott,* 10 *Ga.* 389 (54 Am. D. 395). Payment in its broad sense includes payment in other things than money; though by commercial usage payment may be restricted to payment in money. *Claflin* v. *Continental Jersey Works,* 85 *Ga.* 27 (11 S. E. 721). Payment, like sale, can result only from the mutual agreement of the parties

44

that the transaction shall have that effect. It is the intention of the parties, derivable from their contract, which gives to the transaction its legal effect. This court has held that the delivery of intoxicating liquor in consideration of · and exchange for "a fat hen" constituted a sale of intoxicating liquor. *McGruder* v. *State,* 83 *Ga.* 616 (10 S. E. 281). If a creditor accept any valuable thing in discharge of his debt, the debt is paid; and it is the agreement—that the thing is accepted in discharge of the debt—which renders the transaction a payment. If not otherwise agreed between the parties, the debtor can discharge his debt in money only; but the creditor may consent to accept payment in property as the equivalent of the money. "A debtor may pay a usurious debt as well as any other, and he may pay it in money or he may pay it in land." *Hicks* v. *Marshall,* 67 *Ga.* 713. A deed given in payment of a debt, although usury may have entered into the consideration, is a valid payment of the debt. *Harris* v. *Hull,* 70 *Ga.* 831. In *Zeigler* v. *Scott,* supra, the defendant sought to set off the usury paid in excess of the legal interest on another note which he had discharged by the delivery of property to the plaintiff, who accepted it as a payment; and though no point was raised that the payment of usury to be recovered back must be paid in money, the court recognized the right of the defendant to plead the set-off and to recover the usury, if not barred by the statute of limitations. In other jurisdictions the point has been flatly decided. In *Heath v.* Page, 48 Pa. 130, the action was to recover the excess of interest over the legal rate paid by the defendant to the plaintiff in satisfaction of a mortgage loan. The payment was made by the plaintiff's conveyance of land to the defendant in satisfaction of the debt, and one of the issues raised was whether a payment in land was equivalent to a payment in money. The court said: "If it was not a payment, what was it? He proposed to take it in payment—he did take it in payment, and has not called a single witness to prove that it was not worth every dollar due under the mortgage. After all this, to allow him to escape from the legitimate consequences of his own solemn acts, by such a subterfuge, would be contrary to the plainest principles of law, of equity, and of common sense." A creditor has the right to demand the payment of his debt with legal interest; and if he receives property, the value of which does not exceed his lawful demand, he has not

received any usury, although he may have agreed with the debtor that the property was of a greater value than the sum he was lawfully entitled to exact. So where property is delivered by a debtor to his creditor and accepted in payment of a debt, computed with usurious interest, the debtor is entitled to recover as usury only the excess of the value of the land over the principal and interest at the legal rate. Paducah Banking Co. *v.* Ragsdale (Ky.), 69 S. W. 796; Smith *v.* Berry, 44 Ky. 317.

Thus far we have been considering the right of a debtor at common law to recover back usurious interest exacted by his creditor and paid by agreement in property. Statutes imposing a penalty for taking usurious interest, when they do not otherwise provide, are cumulative, and do not abrogate the common-law remedy. But the remedy given by the act of Congress against national banks for taking usurious interest is exclusive. 29 Am. & Eng. Enc. Law (2d ed.) 446, and cases cited. Two cases are provided for in Revised Statutes, § 5198: (1) where illegal interest has been taken, reserved, or charged; (2) where illegal interest has been paid. In the first case the entire interest which the evidence of debt carries with it shall be deemed forfeited. In the second case the person who has paid the greater rate of interest may recover twice the amount of interest thus paid. Talbot *v.* Sioux City First National Bank, 185 U. S. 172 (22 Sup. Ct. 621, 46 L. ed. 862). Usury is denounced by the statute, and the two forfeitures are intended as a punishment upon a national bank for exacting unlawful interest. In the first case, where a creditor has required of its debtor a promise to pay usury, the forfeiture comes from the refusal of the law to allow him to collect any interest at all in a suit on the usurious contract; but if the creditor knowingly collects the usurious interest, by his persistence in his wrong-doing he subjects himself to a suit by the debtor to recover twice the amount of the interest illegally exacted. Lake Benton First National Bank *v.* Watt, 184 U. S. 151 (22 Sup. Ct. 457, 46 L. ed. 475). The statute is remedial as well as penal, and is to be liberally construed to effect the object of Congress. Farmers' &c. Bank *v.* Dearing, 91 U. S. 29 (23 L. ed. 196). The obvious purpose of Congress was to prevent the taking of usurious interest, and to punish the creditor for the contracting for and for the receiving of usury. If the statute contemplated that usurious interest could be paid only in money, then national banks

are let loose in the exaction of usury by demanding or accepting a medium of payment other than money. Such a construction would thwart the manifest purpose of the statute. If a national bank purges its debt of the usury and the debtor pays only the legal interest, then a debtor who has been granted absolution from usury can not recover a penalty for that which he has not paid. But if there be an actual payment of usurious interest, the statute makes no discrimination as to the medium of payment. Thus, where commercial paper is transferred to and discounted by a national bank at a greater rate of interest than that authorized by law, and the net proceeds, after deducting the interest charged, are credited to the transferor, this is a payment of the interest within the meaning of the statute. National Bank of Rahway *v.* Carpenter, 52 N. J. L. 165 (19 Atl. 181). We hold, therefore, that the statute is applicable to a payment of usurious interest, either in money or its equivalent. In this connection see Lasseter *v.* Bank, 96 Tex. 345 (8 S. W. 214).

It is alleged that the defendant knowingly contracted for the usury included in the notes, and knowingly received payment of the same in accepting the land in discharge of the notes which included the usury. The fundamental elements of the action are, (1) the payment of the usury by the debtor, and (2) the creditor knowingly receiving payment of the usury. We have already adverted to the fact that the usury must be actually paid, either in money or its equivalent, to entitle a party to recover twice the amount of the interest; and that if the payment of a debt which includes usury be made in property, the property agreed to be accepted as a payment must have a market value in excess of the principal and legal interest. Not only must the usury be actually paid, but the statute requires that the creditor shall "knowingly" receive payment of the usury as such. The primary meaning of the word "knowingly" is "with knowledge." Webster's International Dictionary. In determining whether usury has been knowingly received, the same principles are to be applied as where the question is whether usury has been contracted for. To constitute usury it is essential that at the time of the execution of the contract there be an intent on the part of the lender to take or charge for the use of money a higher rate of interest than that allowed by law. *Bellerby* v. *Goodwyn,* 112 *Ga.* 306 (37 S. E. 376). If the contract discloses on its face an ex-

press reservation of more than legal interest, the intent is apparent. "But where the contract on its face is for legal interest only, there must be proved," says Judge Story, "that there was some corrupt agreement, or device or shift, to cover usury; and that it was in the full contemplation of the parties." Bank of U. S. v. Waggener, 9 Peters, 378, 399 (7 L. ed. 441). The word "knowingly" as used in this section of the national banking act has been interpreted to mean intentionally and designedly, and an allegation in pleading that a contract for the usurious interest was knowingly made is equivalent to charging that it was corruptly made. Wiley v. Starbuck, 44 Ind. 308. Likewise an allegation that usury was knowingly received has the significance that the usury was designedly received by the creditor with the intent to take payment of a greater rate of interest than allowed by law. See Price v. U. S., 165 U. S. 311 (17 Sup. Ct. 366, 41 L. ed. 727).

But it is contended that such intent is negatived by the recital in the deed that the consideration thereof is "the sum of my indebtedness to the First National Bank of Blakely." If the parties had in mind a contract of accord and satisfaction, that is, if the debt was simply to be extinguished, without any intention to collect usury as such, by the conveyance of the land, then the transaction would not offend the statute. If the debt was infected with usury, the creditor could purge it of the usury in a settlement with his debtor. However, if the transfer and delivery of the property, the true market value of which is in excess of the principal of the debt with legal interest added, be intended by the debtor and accepted by the creditor as a payment, not only of the lawful debt, but also of the illegal interest, then the creditor will be deemed to have knowingly accepted payment of the illegal interest, and the debtor will be entitled to recover the statutory forfeiture. With respect to the recital as to the stated consideration in the deed, it is alleged in the petition that the real consideration was that the deed was agreed to be accepted and was accepted by the grantee in settlement of the usurious notes. If the real consideration included illegal interest, and it was the intent of the debtor to pay and of the creditor to receive payment of the illegal interest, the recital in the deed will not estop the grantor from asserting the truth. Our Code provides that the consideration of a deed may always be inquired into (Civil Code (1895), § 3599); and besides, an illegality can not be purged of its iniquity by a false

statement. The averments respecting the knowledge and intention of the bank in receiving the usurious interest are sufficiently well pleaded.

The remedy to recover twice the amount of interest where usury was knowingly received by the creditor is given to the debtor who has paid illegal interest on his own debt. The statute does not apply to one who pays the debt of another, though it be infected with usury. Hence, whatever usury may have been in the debt of Mrs. Davis's husband to the bank, she can not recover such on account of its payment by her. This item is, therefore, not to be considered in determining whether her debt to the bank was infected with usury on the issue of the alleged payment of usury to the bank.

*Judgment affirmed. All the Justices concur.*