#### 4515.  REESE v. COLQUITT NATIONAL BANK.

HILL, C. J.  1. State statutes relating to usury, and prescribing penalties for the charging, reserving, or taking of usury, have no application to negotiable instruments held by national banks. The penalty fixed by the United States Revised Statutes, § 5198 (U. S. Comp. St. 1901, p. 3493), against national banks for "the taking, receiving, reserving, or charging" of usury, and the remedy given by the act of Congress against national banks for taking usurious interest, are exclusive. *First National Bank* v. *Davis*, 135 *Ga.* 687, 691 (70 S. E. 246, 36 L R. A. (N. S.) 134); Bowles, National Bank Act Annotated (4th ed.), 234. See, also, many cases cited in support of the above rule in 56 L. R. A. 674.

2. The rule announced in the foregoing headnote is applicable in all cases where a negotiable instrument infected with usury is made payable to such a bank originally, or where it has been discounted by such a bank and the bank, as holder, is endeavoring to collect the face thereof with knowledge of the usurious interest. Farmers and Merchants Nat Bank v. Deering, 91 U. S. 29 (23 L. ed. 196).

3. A surety or guarantor of a debt to a national bank is not discharged from liability on the note because the bank charged or received usury. Oates v. Nat. Bank, 100 U. S. 239 (25 L. ed. 580); 2 Brown, Nat. Bank Cases, 35.

4. A surety who signs a negotiable note, either payable to a national bank or held by a national bank as indorsee, containing a waiver of homestead and exemption, which is secretly tainted with usury, of which fact he had no knowledge at the time of signing, is not discharged from liability thereon by the exaction of the usury; as his risk has not been increased, since the Georgia statute, declaring a waiver of homestead and exemption to be void when it is a part of a usurious contract, can not be applied when the creditor taking or charging the usury is a national bank. *First Nat. Bank* v. *McEntire,* 112 *Ga.* 232 (37 S. E. 381).

5. The suit in the present case is by a national bank, as bona fide holder before maturity and for value of the promissory note sued on, against the principal maker and the surety. A plea by the latter that the note contained a waiver of homestead and exemption, which was rendered void by the fact that the note was secretly tainted with usury, of which fact he had no knowledge at the time of signing the note as surety, and that thereby his risk as surety was increased, and he was discharged from liability thereon, constituted no defense; and, there being no other plea or answer relied upon, a verdict and judgment in favor of the plaintiff must be affirmed.      *Judgment affirmed.*

DECIDED MARCH 1, 1913.

Complaint; from city court of Blakely—Judge Rambo. October 30, 1912.

*W. I. Geer,* for plaintiff in error.    *P. D. Rich,* contra.