DANIEL *et al. v.* CHASTAINE, guardian, *et al.*

ATKINSON, Justice. 1. "While payment is ordinarily required to be made in money, it may, when so agreed, either expressly or by implication, or when the creditor so consents, be made by furnishing, transferring, or delivering anything of value." 48 C. J. 608, § 39; 21 R. C. L. 45, § 43; Borland *v.* Nevado Bank, 99 Cal. 89 (33 Pac. 737, 37 Am. St. R. 32). In order to constitute payment in such manner by transfer of property other than money, "the parties must intend that the property be accepted as a payment." "It is the agreement—that the thing is accepted in discharge of the debt—which renders the transaction a payment." *First National Bank of Blakely* v. *Davis,* 135 *Ga.* 687 (70 S. E. 246, 36 L. R. A. (N.) 134). See *Morrison* v. *Westbrook,* 170 *Ga.* 174 (152 S. E. 485).
2. Construing the petition as amended most strongly against the plaintiff, the allegations of specific acts of the parties to the senior note and security deed do not show delivery and acceptance of the cotton under an

agreement that it should be accepted as payment of the debt. On the contrary they show payment to the payee by the sureties and assignment to them by the payee, and that the debt is valid and subsisting in the hands of the remote transferee. So construing the petition, no ground is alleged for allowing the junior security held by the plaintiffs priority over the senior security deed held by the remote transferee. Consequently the judge did not err in sustaining the demurrer to the petition, and in refusing an injunction.

*Judgment affirmed.* *All the Justices concur.*

No. 10188. JANUARY 18, 1935. REHEARING DENIED FEBRUARY 16, 1935.

*William K. Miller,* for plaintiffs.

*Isaac S. Peebles Jr., Thomas L. Hill, Dekle & Dekle,* and *Lee, Congdon & Fulcher,* for defendants.