STEDHAM v. SWIFT & CO.

SWIFT & CO. v. STEDHAM.

No. 7574.

Circuit Court of Appeals, Fifth Circuit.

Oct. 30, 1935.

Rehearing Denied Dec. 6, 1935.

W. L. Bryan, of Atlanta, Ga., for Stedham.

A. S. Clay, III, of Atlanta, Ga., for Swift & Co.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

W. L. Stedham was selling fertilizers bought from Swift & Co., and in May, 1930, gave notes for the aggregate principal sum of $15,843.47 in settlement of that season's business, and in June, 1931, other notes for the 1931 season. In February, 1932, all the notes were secured by a deed to certain real estate and machinery. In January, 1933, Swift & Co. filed their bill in equity in the District Court to foreclose the deed as a mortgage and for judgment on the notes. Stedham's answer filed February 5, 1933, admitted the bill, but claimed credits of $5,579.20 for 100 bales of cotton delivered to Swift & Co. December 10, 1930, and $2,546.16 for 60 bales delivered in October, 1931. Swift & Co. then amended and alleged that the 160 bales of cotton were pledged by Stedham to secure the notes, and after due notice

had been sold at public sale on February 20, 1933, for $4,648.67 less some expense charges. Stedham amended his answer to allege that the notes given in 1930 were by mutual mistake given for $706.50 more than was due for fertilizers, and should be reduced by that amount, and to pray affirmatively that the notes be reformed and that the court give a full and final accounting. Stedham yet again amended his answer to say that if the court should determine the $706.50 excess in the notes to be interest added, then it was more than 8 per cent. and usurious, and Swift & Co. having therefore come into court with unclean hands are precluded from foreclosing the mortgage. It was also set up that the cotton if a security and not originally sold to Swift & Co. at an agreed price ought to have been disposed of by the court, and that the sale by Swift & Co. as of a pledge on February 20, 1933, pending the suit, was a conversion and the cotton should be accounted for at the highest subsequent market value. On evidence which is in no great conflict, the court found that none of the cotton was sold by Stedham to Swift & Co. at an agreed price, but that the first 100 bales were put in a warehouse under a chattel mortgage and the 60 bales were delivered in pledge as further security; that the sale on February 20, 1933, was made by Swift & Co. in conformity with Georgia Code of 1910, § 3530, touching the sale of pledges, and was lawful and valid as to the 60 bales which were pledged, but a conversion of the 100 bales which were not pledged but were under the chattel mortgage which could be foreclosed only by court process. An additional credit of $2,423.78 was allowed on this cotton. The court also held that the $706.50 excess in the principal amount of the 1930 notes represented interest from May 1st, the settlement date for the fertilizer, to the maturity of the notes; that the interest so added exceeded lawful interest by $99.65, but that the excess was an innocent mistake and not intended as usury and should in equity be written off without forfeiting all interest as a penalty for usury.

These conclusions were all correct. The 100 bales were formally mortgaged. That cotton was later put in a warehouse and the warehouse receipts issued to Swift & Co., but there is no evidence that the parties intended to supersede the mortgage by a pledge or to add a pledging of the cotton to its mortgage. This cotton could

not lawfully be sold summarily, but ought to have been foreclosed upon regularly. The loss from a temporarily depressed market was rightly charged against Swift & Co. But the sale of the 60 bales as a pledge, though on a very low market, was valid, and Stedham is to be credited from it only with what it brought. That Swift & Co. were seeking foreclosure in equity of their real estate security did not prevent their enforcing in the statutory way their pledge of the cotton. The remedies were consistent. The court had not in any manner taken jurisdiction over the cotton. Stedham in his original answer was claiming a credit for it as sold to Swift & Co. at an agreed price in 1930 and 1931, and was not asking the court to sell it again.

It is well settled in Georgia that usury, to cause forfeiture, must be intentional. Bellerby v. Goodwyn, 112 Ga. 306, 37 S. E. 376. The burden is on the person asserting usury to prove usurious intent. See First National Bank v. Davis, 135 Ga. 687, 693, 70 S. E. 246, 36 L. R. A. (N. S.) 134. In the case last cited it was said that if the contract on its face expressly reserves more than the lawful interest, the intent is apparent; but where the contract on its face is for legal interest only, there must be proved some corrupt agreement or device or shift to cover usury, and that it was in full contemplation of the parties. The evidence in this case goes no further than that the amount of fertilizer for which the notes were given was $706.50 less than the face of the notes. No one testified as to how the computation was made, or that there was any purpose to contract for excessive interest. Stedham did not plead usury and claim forfeiture of all interest, but he prayed a reformation of the notes to speak his true indebtedness, and if there was usury, that Swift & Co. be denied a foreclosure. The conclusion of the court is altogether reasonable that the purpose must have been to add legal interest to the date of maturity of the notes, and that a mistake was made in calculation. The court found an error of $99.65, but the likelihood seems to us to be that interest was figured 35 cents less than the judge's calculation, and that an error of $100 was made in adding up the fertilizer invoices. Such a supposition may well be indulged by a court of equity under a prayer for a just account rather than to conclude that there was concealed usury without any evidence of such an intent.

A mistake by inadvertence in figuring interest is not usury. Logansville Banking Co. v. Forrester, 143 Ga. 302, 305, 84 S. E. 961, L. R. A. 1915D, 1195; Rushing v. Willingham, 105 Ga. 166, 31 S. E. 154. Nor would honest error in figuring the principal be usury.

Judgment affirmed.