The bill seeks the cancellation of a policy of life insurance on the ground that it was obtained through fraudulent representations made by the insured. Defendant moves to strike the bill for the alleged reason that the suit was not instituted within the time limited by the incontestability clause of the policy.
The policy was dated and issued August 25th, 1933. The insured died July 29th, 1935. Complainant filed its bill and issued process to the sheriff August 26th, 1935.
The incontestability clause provides that "this contract shall be incontestable after it shall have been in force for a period of two years from its date of issue except for non-payment of premiums." August 25th, 1935, fell on Sunday; hence if that date was within the period limited, the next secular day, August 26th, 1935, was within time. Southern Power Co. v. Cella,105 N.J. Law 573.
The general rule in this state is that in computing a period of time from an event, or from a day, the day of the event, or (in the second case), that day, should not be included. McCulloch
v. Hopper, 47 N.J. Law 189; Warshaw v. DeMayo,8 N.J. Mis. R. 358; 150 Atl. Rep. 214. The cited cases dealt with computations of time under the statute of limitations and the Mechanics' Lien law respectively.
In Meridian Life Insurance Co. v. Milam, 172 Ky. 75;188 S.W. Rep. 879, the policy was issued June 8th, 1914, and the insured died June 8th, 1915. The incontestability clause provided that the policy should be incontestable in case of death "after one year from the date hereof." The Kentucky court of appeals held that the insured died after one year from the date of the policy. Reliance was placed upon the old common law rule (never followed in New Jersey, McCulloch v. Hopper, supra) that when computing time from an act done, the day of the event must be included.
In the instant case, I conclude that the date of issue of the policy should be included in computing the two-year period and that this may be accomplished without doing violence to the rule stated in McCulloch v. Hopper, supra. *Page 8 
That rule is to be applied where there is nothing present to indicate a contrary intent.
However, whether the word "from" as used in a contract denotes the commencement of a period of time or is used as a word of exclusion, depends upon the intent of the parties to the contract. 27 Corp. Jur. 908. And in controversies between an insurance company and the assured, or between the company and the beneficiary, resort must first be had to the policy itself, which is the contract between the parties. If an intent contrary to the position here taken by the company is manifested in the policy itself, then there is no need to seek for and apply some rule of law which, in the absence of such expressed intent, might result in a different conclusion. On the contrary, it would be highly improper to disregard such contractual provision. Especially is this so where, as here, there is no question of public policy involved. In construing such contracts, the general rule is that their provisions will be strictly construed in favor of the insured and against the company. Harris v. American CasualtyCo., 83 N.J. Law 641; Bohles v. Prudential Insurance Co.,84 N.J. Law 315; Connell v. Commonwealth Casualty Co.,96 N.J. Law 510; Smith v. Fidelity and Deposit Company of Maryland,98 N.J. Law 534. And in the construction of an insurance policy, the policy must be considered as a whole, and all its provisions examined in their relation to each other. A.A. Griffing IronCo. v. Liverpool, London Globe Insurance Co.,68 N.J. Law 368; Smith v. Fidelity and Deposit Company of Maryland, supra.
The policy now under consideration provides that the premium shall be payable annually for life on the 25th day of August in each year, and the effective date of the policy is stated to be August 25th, 1933. Had death occurred on that day, after issuance of the policy, the amount of the policy would have been payable to the beneficiary. Important for our purpose is this paragraph:
"Effective Date — This insurance shall be effective from thedate so specified above. The Insurance Years and all subsequent provisions for Cash Loans, Cash Values, Paid-up and Automatic Term Insurance are computed from that date." (Italics mine.) *Page 9 
We have then, this situation: The policy is dated August 25th, 1933; it becomes effective on that day and the premium is payable on that day, and on each August 25th thereafter during the life of the insured; and yet the policy says that the insurance shall be effective from that date; that the insurance years are to be computed from that date; that provisions for cash loans are to be computed from that date; that provisions for cash values are to be computed from that date; that provisions for paid-up insurance are to be computed from that date, and that provisions for automatic term insurance are to be computed from
that date.
The inescapable conclusion is that, although the word "from" is used in all those provisions, it was the intention of the parties to include the 25th day of August, 1933, in all computations to be made thereunder. That being true, the company cannot be permitted to take a contrary stand with reference to the use of the same word in the incontestability clause, which follows immediately after the paragraph above quoted.
The result here reached would seem to be in line with the apparent view of the federal court in New York Life InsuranceCo. v. McCarthy, 22 Fed. Rep. 2d 241, where the policy of life insurance was issued February 24th, 1925, and contained these provisions:
"This policy takes effect as of the third day of February, 1925, which day is the anniversary of the policy * * *."
"* * * this policy shall be incontestable after two years from its date of issue * * *."
On February 1st, 1927, the company filed a bill seeking cancellation of the policy. In the course of its opinion the court said: "It is to be noted that the bill in equity was filed next to the last day allowed for contesting the policy." To reach that conclusion, of course, the court had to include February 3d 1925, the effective date of the policy, in the two-year period.
 The bill will be dismissed. *Page 10