New Jersey Department of Labor,
Workmen's Compensation Bureau.

ELMER CASTON, PETITIONER, v. R. M. HOLLINGSHEAD CORP., RESPONDENT.

Decided April 9, 1940.

For the petitioner, *Albert K. Plone.*

For the respondent, *George E. Meredith (Edward M. LaMar,* of counsel).

This matter came on for hearing before me on respondent's motion to dismiss petition.

On January 19th, 1940, a petition was filed in the above entitled matter claiming compensation and alleging that the petitioner was in the employ of the respondent on October 26th, 1936, and that on that day he sustained an accident arising out of and in the course of his employment.

A notice was served on petitioner's attorney, by respondent's attorney, setting forth that an application would be made to dismiss the petition on the ground that same had not been filed within the two-year period provided by the statute of limitations.

It appears that temporary disability began January 22d, 1937, and continued for a period of eight weeks, during which time the petitioner was paid at the compensation rate of $10 per week. It further appears that petitioner suffered permanent disability based on twenty-five per cent. loss of

the left hand, for which he was paid an additional forty-three and three-quarters weeks at the compensation rate of $10 per week. The last payment of compensation was due January 19th, 1938.

It develops that the last payment of compensation was made by the New Jersey Manufacturer's Casualty Insurance Company, insurance carriers for respondent, by a check dated January 4th, 1938. This check was paid on January 19th, 1938.

The question before us is whether January 4th, 1938, *or* January 19th, 1938, should be taken as the date when payment of the compensation was actually made. Bearing in mind that the last payment was due on January 19th, 1938, the Supreme Court of New Jersey, in *Harris* v. *International Motor Co.,* 9 *N. J. Mis. R.* 208 *et seq.;* 153 *Atl. Rep.* 97, concluded that the date when the compensation was due controls, even though payment of compensation was made in advance. Therefore, January 19th, 1938, in this case, must be taken as the date of last payment of compensation.

The petition, as aforesaid, was filed January 19th, 1940. The next question is: was the petition filed on time? My conclusion is that it was.

The case of *Metropolitan Life Insurance Co.* v. *Lodzinski (Court of Errors and Appeals),* 122 *N. J. Eq.* 404 *et seq.;* 194 *Atl. Rep.* 79, supports this conclusion. This was a proceeding in the Court of Chancery where a bill of complaint, filed on February 21st, 1935, sought to cancel, because of the insured's fraud, the procurement of two certain policies on the life of Bertha T. Lodzinski, then deceased. One of the policies was issued February 21st, 1933. The court, relying upon the case of *Travelers Insurance Co.* v. *Leonard,* 120 *N. J. Eq.* 6; 183 *Atl. Rep.* 686, concluded that the suit upon the policy was not begun within the limits of the incontestability clause. That clause was as follows: "This policy shall be incontestable after it has been in force for a period of two years from its date of issue, except for non-payment of premiums."

On appeal from the Court of Chancery, the Court of Errors and Appeals cites *McCulloch* v. *Hopper,* 47 *N. J. L.* 189, wherein it was held: "In New Jersey from early times the

rule seems to have been to exclude the day of the *terminus a quo* whether that terminus was a day or an event." The conclusion is also drawn: "The calculation of the time for filing pleadings and the payment of bonds and notes has been consistently in accordance with this rule." Citing *National Bank of Rahway* v. *Carpenter,* 52 *N. J. L.* 165; 19 *Atl. Rep.* 181; *Stroud* v. *Consumers' Water Co.,* 56 *N. J. L.* 422; 28 *Atl. Rep.* 578; *Serrell* v. *Rolhstein,* 49 *N. J. Eq.* 385; 24 *Atl. Rep.* 369; *McCormick* v. *Hickey,* 56 *N. J. Eq.* 848; 42 *Atl. Rep.* 1019.

The court, in discussing the *Travelers Insurance Co.* v. *Leonard* case, says: "The general rule for calculating the running of time was rejected in construing a somewhat similar incontestable clause in an insurance policy. * * * We think following that rule in this case was error, since in computing time the method generally adopted and followed for years in our courts has become a rule of law. Hence, the two-year period of incontestability did not expire until midnight of the 21st of February, 1935. The Supreme Court of the United States seems to be in accord with this view."

It is, therefore, * * * ordered, that the motion of the respondent to dismiss the petition be and the same is hereby denied.

DANIEL A. SPAIR,
*Deputy Commissioner.*