5961. MEDLOCK *v.* AYCOCK, sheriff, *et al.,* for use, etc.

BROYLES, J. 1. The petition set forth a cause of action and could not be dismissed on general demurrer. To be subject to general demurrer, a petition must be utterly lifeless. If there is a spark of life in it, it is good against such a demurrer, and any defects therein which can be cured by amendment must be reached by special demurrer.

2. The special demurrer was too vague and indefinite. It did not clearly or sufficiently point out any specific defects in the petition, and was properly overruled. A demurrer, in attempting to point out such defects, can not use such vague and general language as to conceal the complaint it is making. As repeatedly said by this court, "demurrer, being a critic, must itself be free from imperfection."

3. The first ground of the amendment to the motion for a new trial is as follows: "that the court erred in allowing the introduction of the mortgage fi. fa., over objection of defendant's counsel, the objection being that it does not—." This ground can not be considered, as the objection is not set out therein.

4. There is no merit in the second ground of the amendment to the motion for a new trial. If the admission of the evidence objected to was error under the facts of the case it was harmless.

5. The third, fourth, eighth, ninth, and tenth grounds of the amendment to the motion for a new trial, complaining of the court's failure to charge certain principles of law, are without merit. The charge of the court was sufficiently full and complete upon the issues in the case, and if any fuller instructions were desired on those points, timely written requests therefor should have been submitted.

6. The fifth, sixth, and seventh grounds of the amendment to the motion for a new trial, complaining of certain excerpts from the charge of the court, are without merit. These excerpts, when considered in connection with the entire charge, are not objectionable for any of the reasons assigned, and were not prejudicial to the defendant.

7. There was some evidence to support the verdict, and, the trial judge having approved it, his discretion in overruling the motion for a new trial will not be controlled.     *Judgment affirmed.*     *Russell, C. J., dissents.*

DECIDED JUNE 28, 1915. ON REHEARING, ADHERED TO, OCTOBER 1, 1915.

Action for money had and received; from city court of Madison— Judge Anderson. July 20, 1914.

The action was by "R. B. Aycock and C. S. Baldwin, sheriff of" Morgan county, Georgia, for the use of Bearden & Higginbotham, against C. O. Medlock.  The petition contained the following allegations:  "(1) Said R. B. Aycock was during the year 1912, and until January 1, 1913, sheriff of said county. Said C. S. Baldwin became sheriff of said county on January 1, 1913, and is now sheriff of said county and so acting.  (2) On November 29, 1912, there issued from the city court of Madison a mortgage fi. fa. for $787.60 against one Martin Wyatt in favor of said Bearden & Higginbotham, and on November 30, 1912, the same was, by R. B. Aycock, then sheriff of said county, levied, through his deputy, upon the following crop of said Martin Wyatt:  all said Wyatt's interest in all crops grown by him and his croppers during the year 1912 on the lands of Bearden & Turnbull, consisting of about 100 acres in cotton, which said crop said Martin Wyatt had, on May 25, 1912, mortgaged to said Bearden & Higginbotham.  A copy of said mortgage and fi. fa. is hereto attached and made a part hereof.  (3) On January 1, 1913, said C. S. Baldwin succeeded said R. B. Aycock as sheriff of said county, and under the law became burdened with all his duties incident to the levy of said fi. fa., as well as his other duties as sheriff of said county.  (4) After said levy had been made, while the same was still in force, said fi. fa. being still unsatisfied and said levy not having been dismissed, said C. O. Medlock, defendant herein, without the knowledge or consent of plain-

tiffs or of their deputies, or of said Bearden & Higginbotham, or of any person representing them, forcibly and fraudulently and in violation of the law entered upon said crops, seized the same, and failed and refused to deliver the same to plaintiffs or to said Bearden & Higginbotham, but disposed of the same as his own property and appropriated the proceeds to his own use, as follows: one bale of cotton, 500 pounds, 10 cents per pound, of the value of $50; one bale of cotton, 576 pounds, at 9 cents, $47.79; one bale of cotton, 720 pounds, at 10 cents, $72; 3592 pounds of cottonseed at 30 cents per bushel, $35.92; total, $205.71. (5) Said cotton and cottonseed were seized by said Medlock from the farm of Martin Wyatt and a part of the crop mortgaged by the latter to said Bearden & Higginbotham, as above alleged, and under the law should be applied to said mortgage fi. fa., said Medlock having no right or title to said property. (6) Wherefore your petitioners allege that said C. O. Medlock is indebted to them for the use of said Bearden & Higginbotham in the sum of $205.71 for cotton and cottonseed which he fraudulently seized, and prays judgment against him for said amount, and that process issue," etc.

The demurrer was on the following grounds: (1) The petition sets out no cause of action. (2) R. B. Aycock and C. S. Baldwin are shown to have no property rights in the subject-matter of said suit, either equitable or legal. (3) The allegations of the petition show no reason why the suit should or can proceed in the name of R. B. Aycock and C. S. Baldwin for the use of Bearden & Higginbotham.

The trial resulted in a verdict against the defendant for $205.71 and interest.

In the brief of counsel for the plaintiff in error it was contended that the suit was brought by Aycock and Baldwin individually, and not in a representative capacity; that the word "sheriff" was merely descriptio personæ; that the description of the crops was too indefinite to operate as notice as to what crops the lien of the mortgage was intended to cover, and that the petition was subject to the demurrer because it failed to show that the defendant had notice that the crops were under levy.

*M. C. Few,* for plaintiff in error, cited: As to parties plaintiff: *Ga. Rep.* 112/486; 111/760; 107/402; 101/542; 91/748; 14/124;

11/602; 5/56, 472.   Notice:   *Ga. Rep.* 55/543; 67/97; 77/365; 94/474 (3); 107/281; 120/879; 16 *Ga. App.* 817 (2) *(Wyatt* v. *State)*.

*E. H. George,* contra.

### ON REHEARING.

BROYLES, J.   After a careful consideration of the motion for rehearing, and of the argument on rehearing, the court adheres to its original decision.                    *Russell, C. J. dissents.*