### 6831. HARRIS *v.* DOVER.

HODGES, J. 1. In order for a defendant in a suit upon an open account to prove payments, a special plea must be filed, setting forth the payments, and evidence of payment is inadmissible under a general denial of indebtedness.

2. Testimony that the proprty, the purchase-price of which was sued for, was shipped to a person other than the defendant was properly excluded, on objection by the plaintiff, upon the ground that the bill of lading of the shipment was the highest and best evidence, it being admitted in the evidence that the defendant made the purchase, and the defendant having testified that he made a payment for the property to the plaintiff's agent.

3. There was no error in sustaining the objection of the plaintiff to the questions propounded to her husband, as to who bought his business, upon his testifying that he had sold it and given the plaintiff the money arising from the sale. It being admitted that the defendant purchased the property sued for, any evidence as to whom he sold his business to was irrelevant.

4. The charge of the court on the question of agency, while not applicable to the issues involved, was harmless.

5. The court did not err in not charging the jury on the question as to alleged payment, except the payment admitted in open court and set out in the account sued on; and there was no error in instructing the jury to find in favor of the plaintiff for the amount sued for, that amount being the original purchase-price of the property, less the payment admitted in the suit.                    *Judgment affirmed.*

DECIDED JUNE 28, 1916.

Complaint; from municipal court of Macon—Judge Chambers. June 23, 1915.

*William E. Martin Jr.,* for plaintiff in error.

*Napier, Maynard & Plunkett,* contra.