### 15173.   WARDLAW *v.* CHATTANOOGA SAVINGS BANK.

BROYLES, C. J.   1.   Where A sues B upon a past-due promissory note, executed by B and payable to the order of C, and where the copy of the note, attached to the petition, fails to show any indorsement or transfer of the note by C, and where the petition fails to allege (except upon the copy of the notice as to attorneys' fees, attached as an exhibit to the petition, which notice B's answer admits was served upon him) that the note was transferred from C to A, the petition, while possibly subject to a timely and appropriate special demurrer, sets out a cause of action, the presumption being that A, the holder of the note, is also the owner of the note.

(a) In such a case a plea which merely denies the allegations of indebtedness in the petition amounts to nothing more than a plea of the general issue, and is properly stricken on demurrer. *Akers* v. *Decatur Street Bank*, 16 *Ga. App.* 262 (1) (85 S. E. 201), and citation. And before the

plea in this case was stricken it was not error to disallow an amendment alleging that the plaintiff was not entitled to recover because "this suit is brought by the Chattanooga Savings Bank, a corporation, upon a note alone, payable to the Central Loan & Savings Company Inc., a totally different corporation, and there is no allegation that the plaintiff has any title or interest in said note, or how, and nothing is shown by the note, attached as Exhibit A to the petition, that the same belongs, legally or equitably, to any one save the payee named in it." This amendment, by itself or together with the original answer, did not set up any good defense to the suit. It failed to deny the execution of the note, did not plead payment thereof, did not deny that the plaintiff was the lawful and bona fide holder of the note, and did not allege any other fact which showed that the defendant was not liable. The proffered amendment merely pointed out some amendable defects in the petition. It might have been good as a demurrer, but was wholly devoid of merit as an answer to the petition.

2. The plea having been properly stricken, it was not error to direct a verdict in favor of the plaintiff for the full amount sued for.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED MARCH 6, 1924.

Complaint; from Walker superior court—Judge Wright. September 5, 1923.

*Henry & Jackson,* for plaintiff in error.

*Rosser & Shaw,* contra.