496

Decided August 31, 1932.

*Sam E. Murrell, K. R. Murrell,* for plaintiff.
*William J. Davis Jr.,* for defendants.

Luke, J. W. F. Lancaster brought suit for damages against T. J. Monroe and Seaboard Air-Line Railway Company. Monroe demurred generally and specially to the petition. The court, Hon. John D. Humphries presiding, sustained certain special demurrers, and stated in his order that "the general demurrer is not now passed upon;" and gave the plaintiff ten days to amend, and upon his failure to do so the suit to stand dismissed. Plaintiff in error excepted pendente lite to this ruling, and in his bill of exceptions assigns error on the pendente lite exceptions. It suffices to say that the court properly sustained these special demurrers, requiring the plaintiff to be more specific and definite in the allegations of his petition and to eliminate certain immaterial and irrelevant allegations; and there is no merit in the assignment of error on that ruling. In view of what follows it is well to here point out that while

the demurrer above referred to contended that no damage was shown, it made no complaint of the measure of damages alleged in the petition, nor called for an amendment in that respect.

The plaintiff did amend within the time specified in the court's order; and the petition, as amended, alleged, in substance, that plaintiff owned certain residential property consisting of a house and lot; that the Seaboard Air-Line Railway Company owned a strip of land adjacent to plaintiff's property; that T. J. Monroe, with the consent and knowledge of the railway company, "placed two certain crude-oil tanks upon the property of the defendant Seaboard Air-Line Railway Company, a corporation, adjacent to the property of petitioner, within five or six feet of plaintiff's property line and within 20 to 25 feet of his said dwelling house, . . and that the said defendant T. J. Monroe has been operating a crude oil business or concern on said property adjacent to plaintiff's property, and stores in said tank crude oils and petroleum products of several thousand gallons capacity; . . that said crude oil tanks are elevated above the ground and that the property upon which the same is situated slopes down toward plaintiff's property, having an elevation of approximately three or four feet sloping toward plaintiff's property, and that said tanks have a drain-pipe running from the end thereof for the purpose of draining said oils, and that the stop-cock of said pipes is not secure and is leaky and causes oils to be dripped and poured on the ground and runs on plaintiff's property and in his well located thereon, and that said tanks have a vent on the top of same and liberate offensive odors, thereby causing certain offensive odors and gases to be liberated therefrom, and in wet and rainy weather the water flowing down hill toward petitioner's property and upon the same catches said oils and greases and flows upon plaintiff's property and seeps in and upon same, and that said offensive odors, gases, oils, and greases are so liberated that they come onto plaintiff's property, and that said fumes, odors, and gases, as well as oils and greases seeping upon plaintiff's property, is a nuisance and causes plaintiff's property to be unfit for dwelling; . . that the defendant T. J. Monroe washes out said tanks with petrolem products, and drains same by allowing the washing and oils and greases to flow on the ground without catching the same, but allows the same to pour upon the ground and flowing down hill runs in and upon plaintiff's prop-

498

erty;" "that said fumes and odors and gases, as well as oils and greases seeping upon plaintiff's property, is a nuisance and causes plaintiff's property to be unfit for dwelling, . . and that the same is a continuing nuisance, rendering plaintiff's property unfit for dwelling, and petitioner has been unable to rent said property to a tenant as a dwelling and has made plaintiff's property practically worthless;" "that said residential property was reasonably worth the sum of $5,000 prior to the acts complained of on the part of the defendant, but that because of said acts of defendant plaintiff is now and has been unable to sell said property for the sum of $1,000, and that the value of said property has been reduced at least $4,000," for which sum plaintiff prayed damages.

The defendant Monroe demurred to the petition as amended, the second ground of demurrer being as follows: "The defendant demurs to paragraph 3 of the petition as amended, on the ground that the damages therein set up are based on a permanent nuisance, whereas the allegations of said petition as amended show that if any nuisance exists in fact, the same is a nuisance that can be abated, and petitioner, if entitled to recover damages at all, would only be entitled to recover damages up to the time of filing the suit, and his recovery would be limited to the actual damages that he had sustained." The court, Hon. G. H. Howard presiding, sustained the demurrer and dismissed the petition as amended, and in his order said: "The allegations are deemed insufficient to show that the acts complained of constitute such a nuisance as would authorize the recovery of the full value of plaintiff's premises or the difference in the market value of the premises before and after the alleged acts, as sued for in this case." On this judgment plaintiff assigns error.

The difficulty arises as to the measure of damages. The rule on that subject is, if the nuisance is not of a permanent character but is abatable, "and when abated the injury occasioned by its maintenance will cease, the plaintiff can recover merely the damages which he has sustained within the period prescribed by the statute of limitations for bringing a suit of this character. But if the nuisance is of a permanent and continuing character, the plaintiff may recover in one action all the damages, past and future, which the maintenance of the nuisance has occasioned and will occasion in the future." *Langley* v. *Augusta,* 118 *Ga.* 590 (45 S. E. 486, 98 Am. St. R. 133). The leaky stop-cocks that caused oil to run down

on plaintiff's property, the washing of said tanks with petroleum products and allowing the washing and grease to flow on plaintiff's property without catching same, and the escapement of accumulated gases are, in our opinion, all abatable, and, under the above rule, "the plaintiff can recover merely the damages which he has sustained within the period prescribed by the statute of limitations for bringing a suit of this character." However, even though the wrong measure of damages is alleged, this does not necessarily mean that the petition is subject to dismissal as on general demurrer, where the petition alleges facts which constitute a cause of action. The petition in the instant case alleges in substance that the defendants constructed and maintained tanks of several thousand gallons capacity, in which crude oils and petroleum products are stored and where a crude-oil business is operated, within five or six feet of plaintiff's property line and within twenty or twenty-five feet of his dwelling house, from which tanks oils and greases flow down hill on to plaintiff's property, and from which come fumes, gases, and odors disagreeable to the smell and hurtful to health, and that as a result thereof plaintiff is unable to rent said property and same is reduced in value. Can defendants admit these allegations and still escape liability? In the case of *Ford* v. *Fargason*, 120 *Ga.* 708 (48 S. E. 180), the court held that the fact that the petition set up the wrong measure of damages "is no reason for excluding evidence offered on the trial which was properly admissible under the true rule as to the measure of damages." In *City Council of Augusta* v. *Lamar*, 37 *Ga. App.* 418 (5) (140 S. E. 763), this court said: "A petition which sets forth a cause of action, including a claim for damages, such as would properly flow to the petitioner under the case as laid, but which states a wrong method or measure by which the amount of such damages is arrived at, is subject to special demurrer, but not to a mere general demurrer, since it is permissible, on the trial of the case, to prove the proper damages alleged and to measure them according to the true and correct method." In *Reid* v. *Atlanta*, 73 *Ga.* 523, it is held that "It is a nuisance to keep up a sewer which, when it rains, throws upon a lot, and near the house where the owner resides, excrement disagreeable to the smell and hurtful to health; and an action therefor should not have been dismissed." It is likewise a nuisance to maintain tanks of several thousand gallons capacity, in which crude oils

and petroleum products are stored and where a crude-oil business is operated, within five or six feet from the plaintiff's property line and within twenty or twenty-five feet of his dwelling house, from which tanks, oils, and greases flow down hill onto plaintiff's property and from which come fumes, gases, and odors "disagreeable to the smell and hurtful to health; and an action therefor should not have been dismissed." As above stated, the allegation as to the measure of damages was not attacked by the first demurrer, and the record does not show that the plaintiff refused or had an opportunity before dismissal to amend his petition in this respect in response to the last demurrer filed. Since the petition alleges facts which constitute a cause of action, we are constrained to hold that the petition should not have been dismissed as on general demurrer. As stated in *Central of Ga. Ry. Co.* v. *Greene,* 41 *Ga. App.* 794, 798 (154 S. E. 809), "We think that as against a general demurrer the petition did not wholly fail to allege any recoverable damages. . . Though in respect of the measure of damages the petition was imperfectly and obscurely drawn, we can not say that it should have been *unconditionally dismissed,* as on general demurrer, because of such defect." "The test of the sufficiency of a petition as against a general demurrer is whether the defendant can admit all the allegations made therein and escape liability." *Smith* v. *Floyd County,* 36 *Ga. App.* 554 (137 S. E. 646). Defendants can not admit the allegations of the petition in the instant case and escape liability, and the court erred in sustaining the demurrer and dismissing the petition. *Judgment reversed. Hooper, J., concurs.*

BROYLES, C. J., dissenting. The petition as amended fails to show that the alleged nuisance was of a permanent character. In fact the petition, properly construed (most strongly against the plaintiff), clearly discloses that the nuisance was of a temporary character and, therefore, abatable. This being true, the plaintiff was entitled to recover only the actual damages sustained by him up to the time his action was filed (*City Council of Augusta* v. *Lombard,* 101 *Ga.* 724, 28 S. E. 994), and the instant petition fails to claim such damages. On the contrary, the only damages sued for are for the alleged permanent injury to his realty. In my opinion the petition was properly dismissed on general demurrer.