654

WATTS *v.* PETTIGREW *et al.*

No. 17346. FEBRUARY 14, 1951. REHEARING DENIED MARCH 14, 1951.

*Freeman C. McClure, Gleason & Painter,* and *A. W. Cain Jr.,* for plaintiff.

*G. W. Langford* and *Maddox & Maddox,* for defendants.

WYATT, Justice. ■ In the view we take of this case, it is not necessary to pass upon the first ground of the amended motion for new trial.

■ Grounds two through ten of such amended motion complain of the admission, over objection, of testimony by various of the defendants as to conversations and transactions with Mrs. Watts' husband, and at a later time, as to conversations and transactions with Mrs. Watts' sons concerning agreements settling the dividing line between the lands of the parties; the objection being that neither Mr. Watts nor the sons of Mrs. Watts were parties to the suit, and that, as to Mrs. Watts, this testimony was hearsay and self-serving. The defendants contend that this testimony was admissible because Mr. Watts and the sons were acting as the agents of Mrs. Watts in settling the dispute regarding the dividing line.

We will not attempt to set out all of the evidence in the record. It is sufficient to say that a careful and thorough examination of the record fails to disclose any evidence which would authorize the conclusion that either Mr. Watts or the sons were acting as the agent of Mrs. Watts in this matter, and counsel for the defendant has pointed out none. The only evidence tending to prove any agency is statements by Mrs. Watts to the effect that Mr. Watts carried on the farming operation and managed the farm until he became sick, and that afterwards the boys did the same. This is insufficient to prove the alleged agency. See *Wagner* v. *Robinson,* 56 *Ga.* 47, *Jones* v. *Harrell,* 110 *Ga.* 373 (3) (35 S. E. 690), and *Young* v. *Wilson,* 183 *Ga.* 59 (187 S. E.

44). The evidence was therefore hearsay, self-serving, and inadmissible, and it was error for the court below to admit it.

"General reputation in the neighborhood shall be evidence as to ancient landmarks of more than 30 years' standing; and acquiescence for seven years, by acts or declarations of adjoining landowners, shall establish a dividing line." Code, § 85-1602. On a trial, when a dividing line is an issue and it is claimed that such dividing line is established by acquiescence for a period of more than seven years, the question is whether or not there has been acquiescence by both parties in a dividing line for the required period of time. See *Tietjen* v. *Dobson,* 170 *Ga.* 123 (152 S. E. 222); *Brown* v. *Hester,* 169 *Ga.* 410 (150 S. E. 556); *Brogdon* v. *Cooper,* 41 *Ga. App.* 88 (151 S. E. 834). It is not necessary that the acquiescence be manifested by any conventional agreement. *Sapp* v. *Odom,* 165 *Ga.* 437 (7) (141 S. E. 201). The doctrine of prescription is not involved (*Brown* v. *Hester,* supra), and whether or not the dividing line arose permissively is likewise not involved.

In view of the rulings above made and the evidence in the record regarding the question of acquiescence by the parties to the instant case in a dividing line for a period of more than seven years, it is not necessary for this court to go further than to say that there were issues of fact which should have been submitted to the jury, and it was error for the court below to direct a verdict for the defendant.

■ The defendant in error contends that the amended motion for new trial does not recite that the plaintiff in error excepted to the rulings of the court below on the objections therein set out, and for that reason, there is nothing before this court to be passed upon. There is no merit in this contention. It follows, from what has been said above, the judgment of the court below must be reversed.

*Judgment reversed. All the Justices concur.*