### 37001. WATSON *v.* DAVIS.

CARLISLE, Judge. 1. The first three grounds of demurrer to the petition of the plaintiff were abandoned. Ground 4 attacks the allegations of paragraph 3 of the petition on the ground that they are conclusions of the pleader, and are prejudicial to the defendant and not supported by the facts. Paragraph 2 of the petition alleged that the defendant was indebted to the plaintiff on a certain described promissory note. Paragraph 3, the paragraph demurred to, alleges that the note was secured by certain real estate; that that property was sold at a foreclosure sale by the first mortgagee; that the defendant is no longer the owner thereof; that the note no longer has the security of the real estate and that this action is against the defendant on the note for the payment of the indebtedness. The demurrer to these allegations was without merit.

2. Ground 5 of the defendant's demurrer to the petition is without merit. Where the cause of action set forth in the petition was on a sealed promissory note, with a copy of the note sued on attached as an exhibit, and where the copy so attached showed that it was payable in fixed monthly instalments, beginning on June 4, 1955, and payable thereafter on the fourth day of each succeeding month, and where the instrument sued on provided that in the event of a default in any payment the holder could declare the unpaid balance due and payable, and that time was of the essence of the contract, and where the petition sought the recovery of a specific sum of money plus a specified amount as accrued interest, the allegation that the defendant had failed and refused to make any payment on the indebtedness "since August, 1956," the petition being sworn to on February 20, 1957, was not subject to demurrer on the ground that it was insufficient to put the defendant on notice as to what payments the defendant was delinquent in making.

3. Although the petition alleged and the instrument sued on

showed on its face that the indebtedness was secured by certain real property, the action here was not subject to the demurrer, in the nature of a plea to the jurisdiction, that the action involved title to realty, so as not to be within the jurisdiction of the Civil Court of Fulton County. The petition alleging facts as set forth in the preceding headnote was not subject to the oral motion to dismiss in the nature of a general demurrer. The petition was not utterly lifeless, and if there were any defects in it they should have been reached by proper special demurrers. *Medlock* v. *Aycock*, 16 *Ga. App.* 813 (1) (86 S. E. 455).

4. As a part of the original answer, the defendant set forth allegations which she denominated as a cross-action, and this was to the effect that the plaintiff had perpetrated a fraud upon the defendant in selling to her certain real property located at 875 Garibaldi Street, in Atlanta, and she sought affirmative relief by way of damages for this fraud and deceit and, also, damages on account of the stubborn litigiousness of the plaintiff. This answer if it set forth a cause of action in any respect sounded in tort. A cross-action seeking affirmative relief for a tort cannot be filed in an action on a contract except by invoking equitable principles in a court having equitable jurisdiction. *Smith* v. *Ferrario*, 105 *Ga.* 51, 53 (31 S. E. 38); *Hecht* v. *Snook & Austin Furniture Co.*, 114 *Ga.* 921 (41 S. E. 74); *Ragan* v. *Standard Scale Co.*, 123 *Ga.* 14 (50 S. E. 951); *Cornett* v. *Ault*, 124 *Ga.* 944 (1) (53 S. E. 460); *Garrison Motor Co.* v. *Parrish*, 52 *Ga. App.* 766, 771 (184 S. E. 766); *Hartford Fire Ins. Co.* v. *Garrett*, 60 *Ga. App.* 816 (3) (5 S. E. 2d 276). The Civil Court of Fulton County did not have jurisdiction to entertain such a plea and answer (Constitution, Art. VI, Sec. IV, Par. I; Code, Ann., § 2-3901), and the judge thereof did not err in dismissing the cross-action on general demurrer of the plaintiff.

5. The original answer, aside from the cross-action, merely denied the allegations of the petition. There was no demurrer to the answer itself, and the order on the demurrers to the cross-action did not affect the answer but merely struck the cross-action and left the answer standing. In an amendment the defendant added to her general denial the allegation that she was not indebted to the plaintiff in the amount sued for or for any sum whatsoever and she then set up, among other things, that she had made 10 payments on the note, totaling

$210; that the property on which she gave the plaintiff a second mortgage to secure the indebtedness sued on was sold by Mutual Federal Savings & Loan Association of Atlanta under the powers contained in its first mortgage to the plaintiff for $5,500; that, thereafter, the plaintiff procured a summons of garnishment against Mutual Federal Savings & Loan Association of Atlanta requiring it to answer what property or effects of the defendant it had in its possession, and that in answer to said summons, the said loan association paid into the clerk of the court the sum of $1,613.42, and the defendant alleged that she was entitled to the said $1,613.42 and she prayed that that sum be awarded to her. The plaintiff made a motion to strike this answer which the court sustained, and one of the exceptions here is to that ruling. As to the portion of the answer which constituted a mere general denial of the petition, it is sufficient to say that this was properly stricken on general demurrer. Code § 81-306; *Wardlaw* v. *Chattanooga Savings Bank,* 31 *Ga. App.* 749 (1a) (121 S. E. 871); *Courson* v. *Lynn,* 48 *Ga. App.* 297 (172 S. E. 685). The remaining allegations of the amended answer did not set up any defense to the action on the note. These allegations do not show that the plaintiff has ever actually collected or received the benefit of any of the funds paid into court in the garnishment proceeding, and if the defendant has any claim to that fund it must be asserted in that case and not in this proceeding. Presumably these funds were attached by the plaintiff on account of the pendency of this case, inasmuch as the mere holding by him of a second mortgage would not give him any basis for suing out a garnishment against the defendant, and if this suit is the basis for the garnishment proceeding, then the plaintiff cannot have a final judgment for those funds until he has a final judgment in this case. The allegations of the amendment fail to show what credit the defendant claims on account of the payment of the $210 in instalments. Inasmuch as obviously, under the terms of the note sued on, some part of these payments constituted interest, the defendant would not be entitled to a credit on the face amount of the note for the full amount of these instalment payments. Furthermore, the petition shows that the plaintiff allowed the defendant credit for some amount as having been paid on the note, and in the absence of averments of specific facts controverting the truth of the allegations in the petition the answer was properly stricken on oral motion.

6. The plea having been properly stricken, the court did not err in thereafter directing the verdict for the plaintiff in the amount sued for. *Wardlaw* v. *Chattanooga Savings Bank*, 31 *Ga. App.* 749, supra.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED MARCH 12, 1958—REHEARING DENIED APRIL 1, 1958.

*Lucian J. Endicott, Mary C. Endicott,* for plaintiff in reror.

*R. E. Thomas, Jr., Romae L. Turner,* contra.