## 37300. BASINGER v. HUFF.

CARLISLE, Judge. "The relation of principal and agent arises wherever one person expressly or by implication authorizes another to act for him or subsequently ratifies the acts of another in his behalf." Code § 4-101. Where, in an action by a landowner for the negligent burning of an outbuilding, pasture land, and personal property thereon, alleged to have been caused by the defendant through his agents, servants, or employees, the evidence shows that the defendant's fiancee went to his property which adjoined that of the plaintiff's to clean up around the house, and while so doing started a trash fire which she allowed to spread from the defendant's property to the plaintiff's, causing the damage sued for; and, where, from the only evidence introduced, it appeared that she did this while the defendant was at work and without his instructions, knowledge, or consent, and that the defendant had no notice of her actions until he was notified at his place of employment of the fire, and that all this took place two days prior to their wedding, such evidence was insufficient to show the relation of principal and agent between the defendant and his fiancee so as to charge the defendant with her negligence in the burning of the plaintiff's property. This is so notwithstanding the fact that the defendant testified in effect that though he did not know at the time that his fiancee was out at his place, had he known it, it would have been all right with him and he would have consented for her to go out there and clean up. See generally in this connection Thompson v. Brown, 121 Ga. 814 (1) (49 S. E. 740); Watts v. Pettigrew, 207 Ga. 654, 656 (2) (63 S. E. 2d 897). Furthermore, the action of the defendant and his wife a few days thereafter, in going to the plaintiff and expressing regret for the damage and offering to pay the plaintiff for it, was not such a ratification of her acts as would charge him with her negligence as his agent. Rape v. Barker, 25 Ga. App. 362 (103 S. E. 171). Since the plaintiff utterly failed to prove that the relationship of principal and agent, or master and servant, or employer and employee existed between the defendant and his fiancee at the time of the occurrence, the evidence demanded a verdict for the defendant and the trial court erred in denying the motion for judgment notwithstanding the verdict.

Judgment reversed. Gardner, P. J., and Townsend, J., concur.

DECIDED SEPTEMBER 16, 1958—
REHEARING DENIED SEPTEMBER 30, 1958 AND OCTOBER 7, 1958.

*Walton Hardin,* for plaintiff in error.
*Lawson E. Thompson,* contra.

ON MOTION FOR REHEARING.

In the motion for rehearing, counsel for the defendant in error states that the evidence shows that the defendant and his fiancee went to his place in the country to see what cleaning up had to be done, and that a day or so later, his fiancee went out and started "this work" and let the fire get out and cause the damage; that the work that she did followed definite plans that they had jointly made. It is contended that this evidence showed that the defendant's fiancee was his agent and that he accepted the benefits of her work and thus ratified her act. An examination of the record and the brief of the evidence in this case fails to reveal any testimony supporting this contention. The testimony in the brief of evidence shows simply that the defendant's fiancee went out to the defendant's place to clean up his place without his knowledge, and there is not one word of evidence in the record before this court which would authorize the conclusion that she went out to his place pursuant to a pre-arranged plan between her and the defendant for her to do so. Furthermore, under the facts of this case, if it can be said that the defendant accepted whatever benefits accrued to him as a result of his fiancee's efforts, such acceptance could not constitute a ratification of her tort.

*Rehearing denied.*