37613.   CITIZENS BANK OF HAPEVILLE *v.*
THOMPSON *et al.*

DECIDED APRIL 28, 1959.

*Preston L. Holland,* for plaintiff in error.

*Joseph L. Llop,* contra.

QUILLIAN, Judge. The only question for decision is whether the trial court erred in sustaining the general demurrer to the petition.

In passing on the question as to whether the petition alleged a valid right of recovery against either of the defendants we have considered the established rules that for a petition not to be subject to a general demurrer depends upon whether the defendant can admit all allegations therein and escape liability (*Lancaster* v. *Monroe,* 45 *Ga. App.* 496, 165 S. E. 302), and a petition is not subject to general demurrer unless it is lifeless. *Medlock* v. *Aycock,* 16 *Ga. App.* 813 (86 S. E. 455).

The petition failed to set forth facts that would support a recovery against Airport Taxi, Inc., the resident defendant. This is true because the only averments of the petition that tended to show liability on the corporation's part were that it was incorporated to serve as a subterfuge in concealing the assets of Hapeville Cab Company (a trade name of the plaintiff's debtor, Mrs. Fuller) and to prevent the creditors of Mrs. Fuller from recovering indebtedness due them; that the corporation bought of the defendant, Dewitt Thompson, the assets of Mrs. Fuller held by her under the aforesaid trade name, with knowledge that

468

she owed the plaintiff a debt, and that Thompson failed to abide by an agreement to retain a part of the purchase of such assets in trust to be applied upon the debt due the plaintiff by Mrs. Fuller.

Granting that the rather vague allusion to the purpose for which the corporation was organized would be sufficient to show such purpose to be fraudulent, no fraud was alleged to have been committed by the defendant corporation, nor was any act upon its part alleged to be detrimental to the plaintiff's interest. It is not alleged to have removed, or concealed the assets originally owned by Mrs. Fuller or to have done anything that would hinder or delay the plaintiff from subjecting them to execution, levy and sale to satisfy the debt due the plaintiff by Mrs. Fuller which is alleged to have been reduced to a judgment.

Conceding that the petition set forth a cause of action against the defendant, Dewitt Thompson, in other respects, it failed to show that the Superior Court of Fulton County had jurisdiction of the cause against him, because the petition alleged that he lived in Clayton County. The allegation that Airport Taxi, Inc., of Fulton County was jointly liable with the defendant Thompson, did not serve to give the Fulton County Court jurisdiction of his person for the reason that the petition set forth no cause of action against the local corporation. *Ruis* v. *Lotheridge,* 149 *Ga.* 474 (2) (100 S. E. 635) ; *Curtis* v. *College Park Lumber Co.,* 145 *Ga.* 601 (4) (89 S. E. 680) ; *Brunswick Peninsular Corp.* v. *Daugharty,* 203 *Ga.* 454, 457 (47 S. E. 2d 275).

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*