37827. CUSTOMERS LOAN CORPORATION *v.* JONES.

DECIDED OCTOBER 14, 1959—REHEARING DENIED NOVEMBER 12, 1959.

654

*Larry I. Bogart, Powell, Goldstein, Frazer & Murphy, Lynwood A. Maddox,* for plaintiff in error.

*Allen Post,* for parties at interest not parties to record.

*Marvin P. Nodvin,* contra.

GARDNER, Presiding Judge. It is elementary that a general demurrer cannot be sustained where the petition sets out a cause of action. See *Wometco Theatres* v. *United Artists Corp.,* 53 *Ga. App.* 509 (186 S. E. 572). In *Watson* v. *Davis,* 97 *Ga. App.* 378 (2) (103 S. E. 2d 182) this court said: "Where the cause of action set forth in the petition was on a sealed promissory note, with a copy of the note sued on attached as an exhibit, and where the copy so attached showed that it was payable in fixed monthly instalments, beginning on June 4, 1955, and payable thereafter on the fourth day of each succeeding month, and where the instrument sued on provided that in the event of a default in any payment the holder could declare the unpaid balance due and payable, and that time was of the essence of the contract, and where the petition sought the recovery of a specific sum of money plus a specified amount as accrued interest, the allegation that the defendant had failed and refused to make any payment on the indebtedness 'since August, 1956,' the petition being sworn to on February 20, 1957, was not subject to demurrer." In *Linam* v. *Anderson,* 12 *Ga. App.* 735 (78 S. E. 424), this court held that a petition is good against general demurrer where it alleges that the defendant was indebted to the plaintiff, and alleges the original amount of the note, as well as that certain payments were made and credited. In that case, as in the instant case, the petition had the promissory note attached. See also *Equitable Loan &c. Co.* v. *Waring,* 117 *Ga.* 599 (16) (44 S. E. 320, 62 L. R. A. 93, 97 Am. St. Rep. 177) and *Slater*

v. *Savannah Sugar Refining Corp.*, 28 *Ga. App.* 280 (110 S. E. 759). In *Citizens Bank of Hapeville* v. *Thompson*, 99 *Ga. App.* 466, 467 (108 S. E. 2d 750) this court said: "In passing on the question as to whether the petition alleged a valid right of recovery against either of the defendants we have considered the established rules that for a petition not to be subject to a general demurrer depends upon whether the defendant can admit all allegations therein and escape liability (*Lancaster* v. *Monroe*, 45 *Ga. App.* 496, 165 S. E. 302), and a petition is not subject to general demurrer unless it is lifeless. *Medlock* v. *Aycock*, 16 *Ga. App.* 813 (86 S. E. 455)."

Proof of violation and proof of compliance are matters addressed to a fact-finding body and cannot be determined as a matter of law. In relation to the question now before us, the word, "knowingly" was defined to mean "intelligently and designedly" in *First Nat. Bank* v. *Davis*, 135 *Ga.* 687, 693 (70 S. E. 246, 36 L. R. A. (NS) 134). *Jobson* v. *Masters*, 32 *Ga. App.* 60 (122 S. E. 724) set out certain requirements of a petition for a suit on a note such as is here under consideration. The instant case shows compliance with such requirements. Moreover the *Jobson* case was not before this court on general demurrer.

It must be kept in mind that a general demurrer, as here, admits the allegations of the petition and among the allegations admitted in the instant case we find the following: "That petitioner is engaged in the business of lending money and is duly licensed under the Georgia Industrial Loan Act; and that the conditions for the operation of said business as provided by law have been fully complied with." The defendant, having admitted such allegations, cannot contradict same by suggesting matters of defense in the brief. Such allegations must be challenged in an answer, not by way of general demurrer.

The law which we have invoked here insofar as we know or have been able to determine, is followed by many, if not all foreign jurisdictions.

The court erred in sustaining the general demurrers and dismissing the petition.

This record contains a motion on behalf of the defendant to dismiss the writ of error on the basis that there is a cross-action

still pending in the Civil Court of Fulton County and that therefore the general demurrer dismissing the plaintiff's petition is not a final judgment. We do not find this motion to dismiss meritorious under the construction which has been placed on Code (Ann.) § 6-701 in *Copeland* v. *Geise,* 96 *Ga. App.* 503 (100 S. E. 2d 736) and the ruling in *Georgia Veneer &c. Co.* v. *Florida Nat. Bank,* 198 *Ga.* 591 (32 S. E. 2d 465). We have found no authority and no authority has been cited to us contrary to our ruling that the motion to dismiss is not meritorious.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*

TOWNSEND, Judge, concurring specially. This defendant executed a note to the plaintiff, a corporation duly licensed under the provisions of the Georgia Industrial Loan Act, Code Ch. 25-3, in the principal sum of $2,496.00. Of this sum he received $1,425.30, the remainder of the note going for the following: interest on principal amount, $344.27; 8% fee on the first $600 — $48.00; 4% fee on the remainder, $75.84; application fee, $1.00; life insurance $99.84 on the face amount of the loan, and non-recording fee, $.60. Between that date and December 21, he paid back $936.00. On December 21, he renewed the loan for the full amount, and the plaintiff then issued a new note for $2,496.00 out of which the borrower received $365.17 — the remainder being $1,425.30 to pay off the first note, $344.27 interest, $48.00, $62.06, $1.00 and $.60 fees; $99.84 life insurance and $149.76 health and accident insurance on the face amount of the note. Thus, $365.17 in cash and 10 months in additional credit the defendant ran up additional expenses of $705.53 which he also would have to repay over the life of the note. He was allowed an insurance rebate of $30.28 and an interest rebate of $104.42, both figured in accordance with Code (Ann.) § 25-317 and therefore perfectly legal although the result was to refund the unaccrued interest at a discount basis and then make a new charge at the regular 8% rate. Subtracting these amounts, the additional $365.17 which the defendant received plus the additional extension of credit entailed an added expense of $570.83 to be repaid in addition to the $365.17 received. Since the monthly payments remained the same — $104 — the extension of credit did not benefit the defendant; what he actually

did was to contract for 10 additional payments of $104 each in order to pay back the principal, interest and expenses of the $365.17 in money which he received in December, 1957. This was not, however, usurious under the terms of Code (Ann.) § 25-315(b) which permits collection of the entire fee if the loan is refinanced after it has been carried for more than six months.

The trial court sustained the general demurrer on the theory that the wording of the note which allows collection of attorney fees of 15% "if collected by law or through an attorney at law" rendered the note usurious *if* the company chose to collect the note by suit without utilizing the services of an attorney. Code (Ann.) § 25-316 provides for "attorney fees authorized by law *incurred* in the collection of any contract in default." (Italics mine.) The corporation here utilized the services of a firm of attorneys. Code (Ann.) § 20-506 provides for the lawful inclusion in notes of obligations to pay 15% as attorney's fees. The words "collected by law" may well mean "collected through an attorney at law", or the former may mean collected by an attorney after suit and judgment, and the latter collected by an attorney at law, though before suit or before judgment. Since the provisions of a contract will be given that construction which is legal rather than that which is illegal where the wording is ambiguous (*Hartsfield Co. v. Shoaf*, 184 *Ga.* 378, 381, 191 S. E. 693) and since obligations, the terms of which are fixed by statute, will be construed in conformity with the statute, the contrary not affirmatively appearing as the intention of the parties, the words of this note "collected by law or through an attorney at law" will not be given such construction as to render the note usurious and the entire obligation void (Code, Ann., § 25-9903) where such intention does not clearly appear and the note was in fact sought to be collected in a perfectly legal manner through an attorney at law and also at law, that is, by suit in court. I accordingly agree that the trial court erred in sustaining the general demurrer as there is no defect such as usury appearing on the face of the petition or the notes, copies of which are thereto attached and on which the suit is based.