20638. HOME FINANCE CO. OF ROME, GEORGIA, INC., *v.* BANK OF LAFAYETTE.

MOBLEY, Justice. This case is before this court on certiorari to the Court of Appeals. *Home Finance Co. of Rome, Georgia, Inc.* v. *Bank of LaFayette*, 99 *Ga. App.* 873 (110 S. E. 2d 57).

The application for certiorari assigns as error the ruling of the Court of Appeals that, though the demurrer expressly recited that it was filed "without waiving its plea in abatement and traverse of service heretofore filed, but expressly relying on same," the failure of the defendant to object to the ruling on the demurrer or to insist on its motion to dismiss the petition for want of service amounted to an acquiescence in the ruling and a waiver of the attack upon the service. *Held:*

The Court of Appeals, in arriving at its decision, adopted the concurring opinion of three Justices in *Faughnan* v. *Bashlor,* 163 *Ga.* 525 (136 S. E. 545), where it was stated that, by his failure to object to the hearing upon the demurrer or to insist upon his motion to dismiss the petition for want of service, the defendant waived the motion to dismiss for lack of service. This is not a precedent, nor does it appear that this court has ever ruled upon the precise question here involved, which is a rule of practice of importance to litigants and to the members of the bar practicing in this State.

The filing of a general demurrer or other plea to the merits, where filed subject to a plea to the jurisdiction or traverse of service, is not a waiver of the special plea. *Piggly-Wiggly Georgia Co.* v. *May Investing Corp.,* 189 *Ga.* 477 (2) (6 S. E. 2d 579, 126 A. L. R. 1465). Code (Ann.) § 81-1002 provides that, "In all cases demurrer, pleas and answer shall be disposed of in the order named . . ." The trial court, in compliance with this section and upon its own motion, first passed upon the general demurrer. Counsel for both parties were present at the hearing, at which time counsel for the defendant stated that he did not care to argue the case and that the court could overrule the demurrer if it thought proper, which it did.

A ruling by the trial court on the general demurrer prior to disposal of the special plea to the jurisdiction or to the traverse of the service would not constitute a waiver of the special plea by the defendant, in the absence of an express waiver by the defendant or by its impliedly waiving its plea as, for instance, by taking an inconsistent position thereto. The failure of counsel for the defendant to object to the trial court's hearing and passing on the general demurrer or his failure to call the court's attention to his special plea and to advise the court that he was insisting upon his plea was not a waiver by him of the plea. The very

demurrer which the court was considering recited that it was filed subject to the plea to the jurisdiction insisted upon by the defendant. The court is charged with notice of the contents of the demurrer upon which it is ruling. The ruling by the court on the general demurrer was not invoked by the defendant but, on the other hand, it came on the court's calendar for consideration by the court under the practice of the court for demurrers to be heard on a certain day prior to the date set for the trial of the case before a jury; and the demurrer would have been disposed of by the trial court had the defendant's counsel not appeared when it was called. There was no express waiver of the special plea, by the defendant, nor did it waive this plea by its actions. The record indicates that the defendant's counsel acted in the utmost good faith, that he did not in any way mislead the court and, under the circumstances and facts of this case, that he was under no duty to object to the court's passing first on the general demurrer, which the statute provides shall be done. The Court of Appeals erred in holding that the defendant waived its plea and traverse of service.

*Judgment reversed. All the Justices concur.*

ARGUED OCTOBER 13, 1959—DECIDED NOVEMBER 4, 1959.

*Wright, Rogers, Magruder & Hoyt, Clinton J. Morgan,* for plaintiff in error.

*Matthews, Maddox, Walton & Smith,* contra.

*Judgment reversed. All the Justices concur.*