38800.   WEBB v. WRIGHT *et al.*

Decided May 8, 1961—Rehearing denied June 1, 1961.

*Carlisle & Edwards, J. Douglas Carlisle,* for plaintiff in error.

*Robert H. Herndon, Joseph B. Duke, Anderson, Walker & Reichert,* contra.

EBERHARDT, Judge. ■ Since Webb had his own shop in Macon where he was engaged in the manufacture and installation of iron steps, railings and the like, there would seem to be no doubt that he was engaged in an "independent business' within the contemplation of *Code* § 105-501. See *Yearwood v. Peabody,* 45 Ga. App. 451 (1) (164 S. E. 901). Applying the test of whether the contract under which the work was done gave to the employer, E. J. Smith & Sons, the right to control the time, manner and method of executing the work, or whether any such control was in fact assumed or exercised, as distinguished from the right merely to require certain definite results in conformity with the contract, we think that the evidence demanded a finding that the relationship between E. J. Smith & Sons and Webb was that of employer and independent contractor. The testimony of Danuser that when the steps were set in place Webb "was working for us" is not consistent with that relationship. *Bibb Manufacturing Co. v. Souther,* 52 Ga. App. 722 (184 S. E. 421); *Weiss v. Kling,* 96 Ga. App. 618 (101 S. E. 2d 178); *Rodgers v. Styles,* 100 Ga. App. 124 (2, 5) (110 S. E. 2d 582); *Robbins Home Improvement Co. v. Guthrie,* 213

Ga. 138, 140 (97 S. E. 2d 153). There was no evidence indicating that the employer retained the right to control, or that there was at any time any interference with Webb in his manufacturing of the steps or the installation thereof, or that any control was assumed or exercised, nor can plaintiff's injury be traceable to the exercise of such power by E. J. Smith & Sons. See *Mount v. Southern Ry. Co.*, 42 Ga. App. 546, 550 (156 S. E. 701). The fact that a change in the plans or specifications might have been effected by a "change order" did not amount to a retention of control.

■ Inasmuch as the evidence did not disclose the existence of any of the conditions which would, under the provisions of *Code* § 105-502, impose liability upon the employer for the negligence of his independent contractor, the suit against E. J. Smith & Sons was not maintainable. See *Robbins Home Improvement Co. v. Guthrie*, 213 Ga. 138, supra.

The statement made by Danuser to Wright when he visited him in the hospital is not sufficient to charge the employer with the contractor's negligence, nor does it amount to a ratification thereof. *Basinger v. Huff*, 98 Ga. App. 288 (105 S. E. 2d 362); *Dougherty v. Woodward*, 21 Ga. App. 427, 430 (94 S. E. 636); *Rape v. Barker*, 25 Ga. App. 362, 363 (103 S. E. 171).

■ If the suit is not maintainable against the employer, E. J. Smith & Sons, it must follow that no action can be maintained against Webb, the independent contractor, in any county other than that of his residence. *Shelton v. A. C. L. R. Co.*, 88 Ga. App. 834 (78 S. E. 2d 99); *Scoggins v. Hill*, 90 Ga. App. 283 (2) (82 S. E. 2d 739); *Young v. Koger*, 94 Ga. App. 524 (95 S. E. 2d 385); *Wrinkle v. Rampley*, 97 Ga. App. 453 (103 S. E. 2d 435); *Citizens Bank of Hapeville v. Thompson*, 99 Ga. App. 466 (108 S.E. 2d 750); *Morris v. Bell*, 100 Ga. App. 341 (111 S. E. 2d 270).

Accordingly, the trial court erred in overruling the motion for a judgment n.o.v. on the plea to the jurisdiction, and that judgment must be reversed with direction that a judgment be entered sustaining the plea.

*Reversed with direction. Carlisle, P. J., and Nichols, J., concur.*