42677. BELT v. GEORGIA BANK & TRUST COMPANY.

SUBMITTED APRIL 3, 1967—DECIDED APRIL 7, 1967.

Charles Belt, *pro se.*

*John M. Hancock, Jr.,* for appellee.

FELTON, Chief Judge. Since the action was instituted subse-

quently to the maturity date of the note, the note was not, at that time, a conditional contract, even if it contained stipulations providing for acceleration of maturity, at the holder's option and optional attorney's fees upon certain other conditions, as is contended by appellant. Cf. *Hartsfield Co. No. 3 v. Williams*, 114 Ga. App. 547, 548 (2) (151 SE2d 908) and cit.

The defendant's mere unsworn denial of the allegations of Paragraph 2 as pleaded is evasive, constitutes neither a denial of the paragraph nor an issuable defense to the suit upon the promissory note, and is not amendable. *Chastain v. Consolidated Credit Corp.*, 113 Ga. App. 225, 228 (2, 3) (147 SE2d 807) and cit.; *Keith v. Streicher Mfg. Co.*, 108 Ga. App. 183 (2) (132 SE2d 559) and cit.; *Watson v. Davis*, 97 Ga. App. 378, 380 (5) (103 SE2d 182); *Peed v. Rowe*, 30 Ga. App. 626 (118 SE 475). The answer with regard to notice of attorney's fees does not deny the receipt of the notice, but merely claims that *Code Ann.* § 20-506 is a "non-existent" section—an allegation the error of which is readily apparent from reference to that annotated Code section (Ga. L. 1957, p. 264). Neither does the answer raise the issue of mutual departure from the original terms of the contract, which is argued for the first time here. The installment loan ledger which purportedly evidences this novation, although appearing in the record, is neither referred to in the petition nor marked as an exhibit.

No issuable defense having been filed under oath or affirmation, the court did not err in striking the defendant's answer and rendering judgment without the verdict of a jury for the plaintiff in this civil case founded on the unconditional contract. See Constitution of Georgia, Art. VI, Sec. IV, Par. VII (*Code Ann.* § 2-3907); *Code* § 24-3355 (Superior Court Rule 55); *Code Ann.* § 110-401 (Ga. L. 1962, pp. 687, 688), superseding repealed § 110-406 (Ga. L. 1946, pp. 761, 777; Ga. L. 1953, Nov. Sess., pp. 440, 451); and cases cited hereinabove.

*Judgment affirmed. Hall and Eberhardt, JJ., concur.*