### 42916. MOTOR CONTRACT COMPANY OF ATLANTA v. WIGINGTON.

Submitted July 10, 1967—Decided September 28, 1967.

*Richard V. Karlberg, Jr.,* for appellant.

*Robert K. Ballew,* for appellee.

Whitman, Judge. ■ This appeal by Motor Contract Co. of Atlanta, plaintiff-appellant, seeks reversal of a judgment of the Civil and Criminal Court of Cobb County granting a new trial on an oral motion by defendant.

The facts are substantially as follows: Plaintiff filed its petition alleging that the defendant was indebted to it on a certain contract, and praying for judgment for principal, interest and attorney's fees. On March 24, 1967, said case was regularly on the trial court's calendar for trial without the intervention of a jury. On the call of the calendar the case was declared on trial, there being no appearance for defendant. The case proceeded to trial and after hearing evidence the court rendered a money judgment against the defendant as prayed. On the same date the defendant and his counsel appeared before the court and made an oral motion for a new trial upon general grounds. On March 31, 1967, the court issued an order granting the defendant's oral motion for a new trial as follows: "The defendant and his attorney, Robert K. Ballew, having appeared in court on March 24, 1967, and having made his oral motion that a new trial be granted upon general grounds, It is hereby ordered and adjudged that the judgment entered on March 24, 1967 be and the same is hereby vacated and a new trial hereby granted."

The Civil and Criminal Court of Cobb County is a court of record, and Sec. 24 of the Act creating the court (Ga. L. 1964, p. 3211 et seq.) provides that a motion for new trial shall be in writing. The recitals in the judgment of March 24, 1967, as to regularity of the trial and the sufficiency of the evidence to support the judgment are controlling and conclusive. The recitals in the judgment of March 31, 1967, as to the nature of the motion and its grounds are likewise controlling and conclusive. "Admissions contained in the brief of a party are binding for

purposes of review." *McDougald v. Johnson,* 104 Ga. App. 233, 235 (121 SE2l 417), and cases cited. See also 5 CJS 389-394, Appeal and Error, §§ 1343-1345.

The entire argument in appellee's brief, including citation of authorities, is predicated upon his contention that the oral motion for new trial was not a motion for new trial but a motion to set aside the money judgment in favor of the plaintiff. This is inconsistent with and contrary to the statement of facts in appellant's brief which are conceded by appellee in his brief to be correct, and also contrary to the recitals in the order of the trial court sustaining the motion for new trial. This constitutes a virtual admission on the part of appellee's counsel that the judgment of the trial court appealed from was predicated on an oral motion for new trial.

The Civil and Criminal Court of Cobb County being a court of record, and motions for new trial in that court being required to be in writing and the motion for new trial in this case being oral, there was no legal motion for new trial before the court for consideration, and the court was without jurisdiction to entertain or consider the motion. Accordingly, the judgment of the trial court sustaining the motion and granting a new trial should be reversed.

*Code Ann.* § 6-1608 relating to the first grant of a new trial, referred to in appellee's brief, has no application here, for there was no legal motion for new trial in this case.

■ Even if the motion under review could be regarded as a motion to set aside, as contended by appellee, it could not be considered or granted for at least two reasons. First, it was oral and not in writing and thus defective. *Adamson v. Adamson,* 146 Ga. 546 (91 SE 684). Secondly, oral or written, it did not set forth any meritorious cause or reason for setting aside the judgment nor did it set forth any meritorious defense to plaintiff's action, both of which are prerequisites to a good and sufficient motion to set aside a judgment. *Hurt Building, Inc. v. Atlanta Trust Co.,* 181 Ga. 274, 283 (182 SE 187) ; *Cofer v. Maxwell,* 201 Ga. 846, 848 (41 SE2d 420) ; *Blanch v. King,* 202 Ga. 779, 782 (44 SE2d 779), and cases cited. *Philip Carey Co. v. Sheppard,* 19 Ga. App. 368 (3) (91 SE 444) ; *Carolina Tree Serv-*

*ice, Inc. v. Cartledge,* 96 Ga. App. 240 (8) (99 SE2d 705); *Williams v. Linn,* 108 Ga. App. 629, 633 (133 SE2d 892), and cases cited. The case of *Godby v. Hein,* 107 Ga. App. 481, 483 (130 SE2d 511) does not affect or modify the holding set forth in Headnote 8 of the *Carolina Tree Service* case.

The judgment of the trial court of date March 31, 1967, was not entered by the court on its own motion but on the oral motion by defendant that a new trial be granted upon general grounds. It was not predicated upon any meritorious ground or reason specifically stated, or upon any specific meritorious defense. See *Code* § 81-307; *Harris v. Dover,* 18 Ga. App. 320 (1) (89 SE 351); *Richey v. Johnson,* 21 Ga. App. 41 (2) (93 SE 514); *Wardlaw v. Chattanooga Savings Bank,* 31 Ga. App. 749 (121 SE 871); *Kent v. First Nat. Bank,* 57 Ga. App. 751 (3) (196 SE 103), certiorari denied 58 Ga. App. 879; *Belt v. Ga. Bank & Trust Co.,* 115 Ga. App. 545 (154 SE2d 764).

The judgment of the trial court of March 31, 1967, vacating the judgment of March 24, 1967 and granting a new trial, is reversed.

*Judgment reversed. Bell, P. J., and Pannell, J., concur.*