Josephine SIMPSON

v.

TERMPLAN INC. OF GEORGIA.

Civ. A. No. C80–38A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Dec. 16, 1981.

James B. Pilcher, Ralph Goldberg, Atlanta, Ga., for plaintiff.

Richard V. Karlberg, Jr., Atlanta, Ga., for defendant.

## ORDER

MOYE, Chief Judge.

The above-styled matter came before the Court on the report and recommendation of the United States Magistrate earlier this year. On April 24, 1981, the Court adopted that portion of the magistrate's report granting plaintiff's motion for summary judgment on the contract executed May 25, 1979, but deferred ruling on (1) the magistrate's recommendation with respect to the counterclaim and (2) the alleged Truth-In-Lending violation with respect to the December 3, 1979 contract. The deferred issues having now been briefed, the Court considers the magistrate's recommendations with respect thereto.

The Court allowed plaintiff to amend her complaint in its April 24, 1981 order. The amended complaint alleges violations of Truth-in-Lending for contracts executed by the parties May 25, 1979 and December 3, 1979. The Court previously determined to allow recovery by plaintiff of $768.00 under the May 25, 1979 contract for defendant's failure to disclose therein the ten-day limitation in after-acquired property required by Ga. Code Ann. § 109A–9–204(2). The Fifth Circuit held the failure to make that disclosure to be a violation of the Truth-in-Lending Act, 15 U.S.C. § 1639(a)(8), in *Jacklitch v. Redstone Federal Credit Union*, 615 F.2d 679 (5th Cir. 1980). Because the wording of both contracts is identical, the same violations were caused by each one. Defendant's brief in response to the Court's earlier order merely reiterates earlier contentions defendant made without success, leading the Court to conclude that the magistrate's report and recommendation should be ADOPTED as to both alleged Truth-in-Lending violations. Accordingly, plaintiff may recover the $768.00 previously awarded, as well as the additional $1,000.00 recommended for defendant's second violation.

Finally, the Court turns to defendant's counterclaim for $1592.64 principal, 8 percent interest from February 3, 1980, and 15 percent of the principal and interest as attorney fees pursuant to the note entered into by the parties. The magistrate recommends that defendant's motion for summary judgment on the counterclaim be granted.

The issue raised by the plaintiff's opposition to the magistrate's recommendation is whether defendant violated the Georgia Industrial Loan Act by rebating finance charges by the Rule of 78's upon refinancing of the December 3, 1979 contract and the May 25, 1979 contract. The magistrate determined that the refinancing of a contract is akin to prepayment of a contract, making defendant's method of rebate proper. Magistrate's Report and Recommendation, filed March 31, 1981 at 8. The judges of this district are not in agreement as to whether a refinancing is akin to a prepayment, meaning they are not in agreement as to whether defendant's counterclaim herein is meritorious. *See Ford v. Termplan*, C78–1907 (N.D.Ga.1981) (Evans, J.); *Peek v. Termplan*, C78–730A (N.D.Ga.1981) (Edenfield, J.); *Varner v. Century Finance Co., Inc.*, C80–494A (N.D.Ga.1981) (Vining, J.); *contra, Bowles v. General Contractors Corp. of Georgia*, C80–967 (N.D.Ga.1981) (Shoob, J.). To further confuse the issue, *Ford v. Termplan* is currently before Judge Evans on reconsideration and was the case containing the reasoning on which Judge Vining relied in *Varner v. Century Finance Co.*, which is also on reconsideration. In addition, neither decision addressed the Georgia Court of Appeals decision in *Customers Loan Corporation v. Jones*, 100 Ga. App. 653, 112 S.E.2d 362 (1959), on which defendant relies herein for its argument that the refinancing of plaintiff's note constituted prepayment. None of the cases cited above have had final judgments entered in them, meaning none have yet reached the Court of Appeals for a definitive word on which the undersigned could rely.

The question presented is whether Ga. Code Ann. § 25–317 excludes refinancing from the Rule of 78's. That statute reads:

> Notwithstanding the provisions of any contract to the contrary, a borrower may

at any time prepay all or any part of the unpaid balance to become payable under any installment contract. If the borrower pays the time balance in full before maturity, the licensee shall refund to him a portion of the prepaid interest, calculated in complete even months (odd days omitted), as follows: The amount of the refund shall represent at least as great a proportion of the total interest as the sum of the periodical time balance after the date of prepayment bears to the sum of all periodical time balances under the schedule of payments in the original contract. Where the amount of the refund due to anticipation of payment is less than $1, no refund need be made: Provided, further, that if the borrower has been required to purchase other than insurance coverage in a blanket policy when he has paid no acquisition cost, he shall have the option to continue such insurance in force for the balance of the policy period, with all rights transferred to the borrower or his assigns, in which event no refund of insurance premiums shall be made to him.

As is clear from a reading of that statute, the legislature completely failed to address the question before the Court. Unfortunately, no appellate decision of the Georgia courts has addressed the issue. While one special concurrence in an appellate opinion rendered in 1959 opined that refunding unaccrued interest upon refinancing of a note in accordance with Ga. Code Ann. § 25–317 was "perfectly legal," *Customers Loan Corp. v. Jones*, 100 Ga.App. 653, 656, 112 S.E.2d 362 (1959), that special concurrence carries no precedential weight. *Home Finance Co. v. Bank of Lafayette*, 215 Ga. 533, 534, 111 S.E.2d 359 (1959). The only state court holdings plaintiff relies upon are decisions by Judge Dorothy Beasley, State Court of Fulton County, wherein it was held that Ga. Code Ann. § 25–317 does not apply to refinancings. *See Employees Financial Services v. Grier*, No. 681901 (State Court, Fulton County, Georgia, October 21, 1980); *Credit Thrift of America, Inc. v. Lawrence*, No. 560705 (State Court of Fulton County, Georgia, October 30, 1977). Judge Beasley noted

that none of the Georgia cases cited her provided that the Rule of 78's could be used in refinancing, nor could Rule 120–1–14–.06 "Prepayment," as promulgated by the Georgia Industrial Loan Commission be read to allow its use in refinancing. That rule provides as follows:

> Prepayment. When any loan is paid in full before the final scheduled payment date, the consumer may do so without penalty and the creditor shall refund or credit the consumer with a portion of the interest charge. The amount of the refund shall represent at least as great a portion of the total interest charge as the sum of the periodical time balance after the date of prepayment bears to the sum of all periodical time balances under the schedule of payments in the original contract. No refund of less than One ($1.00) Dollar need be made. If such prepayment is made by the debtor other than on a scheduled payment date, the portion of the interest charge refunded shall be made in accordance with law.

■ Defendant herein contends that the rule following the above, Rule 120–1–14–.07, allows use of the Rule of 78's in refinancing. That rule provides:

> Charges for Refinancing. When any debt is renewed or refinanced by any creditor, the consumer shall be entitled to a refund of credit of that unearned portion of the interest charge computed as of the date of such refinancing or renewal.

Plaintiff contends the failure of the second rule to sanction the use of the Rule of 78's, as does the first, means the Commissioner reads Ga. Code Ann. § 25–317 to allow use of the Rule of 78's in situations involving prepayment, but forbids its use in matters of refinancing. In contrast, defendant argues that the regulation dealing with refinancing "simply means that if a debt is refinanced, say one day prior to the next installment payment date, the creditor must compute the refund of unearned interest as of that date and not hold up on the refinancing until the following day when the creditor would be entitled to another full month of interest—per the Rule of 78's

refund method." This Court's conclusion, in the absence of *any* clear statement of Georgia law by the General Assembly or by the Georgia appellate courts, is that the *one* statute the legislature has written to allow for use of the Rule of 78's in situations involving the prepayment of all or any part of the unpaid balance of an installment contract prior to maturity should be held applicable where a borrower retires one note held by a particular lender by using the proceeds of a second note from the same lender. The legislature's decision to allow more than a pro rata loss of interest in prepayment situations indicates its desire to allow a similar loss by the borrower in a refinancing situation since both transactions are initiated by the borrower and are evidences of his failure to fulfill his contractual obligation to repay the lender pursuant to the initial installment contract. That failure has caused the legislature to exact a penalty against the borrower in the form of allowing a creditor's use of the Rule of 78's in a prepayment situation, and in the absence of a clear statement to the contrary, convinces this Court that the same penalty should be exacted against the refinancing borrower.

Accordingly, the report and recommendation of the Magistrate is ADOPTED as to the conclusions reached therein with respect to defendant's counterclaim, and summary judgment thereon is hereby GRANTED for defendant. Judgment shall be entered for defendant for $1,592.64 principal, eight percent interest from January 3, 1980, and fifteen percent of principal and interest as attorney fees. Judgment for plaintiff shall be entered in the amount of $1,768.00 on her Truth-in-Lending claims.

Counsel for plaintiff is directed to file with Magistrate Dougherty within ten (10) days of the filing of this order his claim and affidavit for attorney fees. Defendant is allowed ten days following the filing thereof to object.